Christine Lynn **PARLATO, a minor, by her parents and natural guardians, Carl Parlato and Patricia Parlato**

v.

Dr. John W. **HOWE and Fort Sanders Presbyterian Hospital.**

Civ. No. 3–79–111.

United States District Court,
E. D. Tennessee, N. D.

April 20, 1979.

Lee Legal Clinic, R. Gordon Pate, Birmingham, Ala., for plaintiff.

Foster D. Arnett, Jonathan H. Burnett, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is a medical malpractice action based upon the Court's diversity jurisdiction. Plaintiff, a minor, brings this action by her parents and natural guardians. Plaintiff alleges that due to the combined negligence of the defendants, she sustained serious injuries at birth. Defendants, Dr. Howe and Fort Sanders Presbyterian Hospital have filed separate motions for summary judgment. Briefs have been received from all parties and oral argument has been held.

Defendants argue that this action is barred by § 15 of the Medical Malpractice Review Board and Claims Act of 1975 ("Malpractice Act") Tenn.Code Ann. § 23–3415(a) which provides in part as follows:

> The statute of limitations in malpractice actions shall be one (1) year as

set forth in § 28–304; provided, however, that in the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery; provided further, however, that in no event shall any such action be brought more than three (3) years after the .date on which the negligent act or omission occurred . . . .

The statute goes on to specify two exceptions to the three year limitation that are not relevant to this case.

Plaintiff was born on September 30, 1971. It is undisputed that the alleged negligent acts or omissions occurred at approximately the same time. In opposing defendants' motions, plaintiff relies in part on the Tennessee legal disability statute, Tenn.Code Ann. § 28–107, which provides as follows:

> If the person entitled to commence an action is, at the time the cause of action accrued, either (1) within the age of eighteen (18) years, or (2) of unsound mind, such person or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

Thus the question presented to the Court is whether Section 23–3415(a) supersedes the operation of Section 28–107.

Section 23–3415(a) has been characterized as "an absolute three-year limit on the time within which actions could be brought." *Harrison v. Schrader,* 569 S.W.2d 822, 826 (Tenn.1978). One of the major purposes of the statute was to reduce the "extended period during which a physician could be subject to potential liability" because of the rule that causes of action for medical malpractice accrue when the patient discovers, or in the exercise of reasonable care, should have discovered the resulting injury. *Harrison v. Schrader, supra*; see *Teeters v. Currey,* 518 S.W.2d 512, 517 (Tenn.1974).

Defendants argue that the words "in no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred" are to be taken literally. This action was filed February 28, 1979, much more than three years after the alleged negligence. Thus, the strict application of Section 23–3415(a) would bar the action. Defendants argue that Section 23–3415(a), as more specific and later in enactment, than Section 28–107, is entitled to precedence. Defendants also point out that § 22 of the Malpractice Act provides that:

> All laws or parts of laws inconsistent with the provisions of this Act be and the same are hereby repealed to the extent of such inconsistency.

In the Court's view, Section 23–3415(a) was not intended to interfere with the operation of the legal disability statute. The mere fact that a new, and more restrictive, statute of limitations is passed does not necessarily indicate that the legislature intended to eliminate the special rights of minors. See *Chaffin v. Nicosia,* 261 Ind. 698, 310 N.E.2d 867 (1974).[1] Statutes of limitations are usually phrased in absolute and general terms and thus the failure of the legislature to exempt minors specifically is not surprising. The legal disability statute represents a long-standing policy of the State of Tennessee to protect potential

---

1. In *Chaffin v. Nicosia,* 261 Ind. 698, 310 N.E.2d 867 (1974), the Indiana Supreme Court decided that the Indiana medical malpractice statute of limitations did not supersede the state legal disability statute. Defendants argue that *Chaffin v. Nicosia* has no relevance to the case sub judice because the Indiana medical malpractice statute was not as strongly worded as the Tennessee statute. The Indiana statute at issue provided as follows:

> No action of any kind for damages, whether brought in contract or tort, based upon

professional services rendered or which should have been rendered, shall be brought, commenced or maintained, in any of the courts of this state against physicians, dentists, surgeons, hospital, sanitariums, or others, unless said action is filed within two years from the date of the act, omission or neglect complained of.

*Id.* 310 N.E.2d at 869. This statute does not appear to be significantly different from Section 23–3415(a), either in wording or in intention.

causes of actions by minors during the period of their minority. See *Gaugh v. Henderson,* 39 Tenn. 628, 634 (1859). Unlike the discovery rule itself, the legal ·disability statute does not represent a recent alteration in procedure and is not in any way associated with the "medical malpractice insurance crises" that concerned the legislature in passing Section 23–3415(a). *Harrison v. Schrader,* 569 S.W.2d at 826. Before acknowledging the elimination of such an established policy, this Court would require *more evidence of legislative intent than mere* silence.

The Court is strengthened in its view by the particularly *onerous burden operation* of Section 23–3415(a) would have upon minors without the legal disability statute. In its normal operation, Section 23–3415(a) may have the effect of eliminating a cause of action before it accrues, that is, prior to the discovery of any injury. *Harrison v. Schrader,* 569 S.W.2d at 827–28. The impact upon minors argued for by defendants, however, would be even harsher than that considered by the Tennessee Supreme Court in *Schrader.* Under Section 23–3415(a), if an injury is discovered within the three-year period, an adult is at least in a position to protect himself by bringing his action promptly. A minor, especially one who, like plaintiff here, is injured at a very early age, is helpless to protect himself. If Section 23–3415(a) is held to eliminate the legal disability statute in medical malpractice cases, the minor could forever lose his cause of action strictly through the neglect of others. This burden upon minors would be so oppressive that the Court cannot reasonably so construe Section 23–3415(a) unless clear legislative intent appears.

Defendants suggest that clear legislative intent does appear from two specific references to minors, one of which is contained in § 2(2) of the Malpractice Act, Tenn.Code Ann. § 23–3402(2). This provision defines "claimant" under the Malpractice Act as including the "legal guardian or next-of-kin" of a minor. While this reference demonstrates that the legislature intended to allow minors to sue by guardian or next-of-kin during minority, it does not suggest that the legislature intended that a minor could not sue in his own right after attaining his majority.

The other reference to minors relied upon by defendants is contained in § 3 of the recently enacted Tennessee Products Liability Act of 1978, Tenn.Code Ann. § 23–3703. This section provides in part that a products liability action

> must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Defendants say that the provision shows that specific statutes of ·limitations are intended by the legislature to supersede the legal disability statute and that if the legislature had desired to provide special exemption *for minors in the medical malpractice* area, it would have so stated, as it did in the case of products liability actions. In the Court's view, however, the exclusion of minors from the operation of the products liability statute of limitations renders it extremely unlikely that the legislature intended to include minors in the operation of Section 23–3415(a). These two statutes of limitations are similar in purpose and operation. Both provide ceilings for the utilization of the discovery rule for accrual of an action. Defendants have been unable to provide the Court with a coherent reason why the legislature might desire to treat minors differently under the Products Liability Act than under the Medical Malpractice Act. The specific reference to minors in the products liability statute might well represent a fear by the legislature that the courts would misconstrue its intent and unfairly subject minors to a restricted statute of limitations. Interpreted in this fashion, the Products Liability Act suggests that there is a general legislative policy not to include minors in the operation of restrictive statutes of limitations and thus sup-

ports the view that Section 23–3415(a) was not intended to supersede the legal disability statute in the case of minors. If the legislature had intended to include minors in the restrictions of Section 23–3415(a), it would have been a simple matter to say so.[2]

Even if the Court were convinced that Section 23–3415(a) supersedes Section 28–107 generally, it is doubtful that Section 23–3415(a) was intended to reach a minor plaintiff whose cause of action accrued more than three years prior to the passage of the Malpractice Act. All parties agree that plaintiff's cause of action accrued at approximately the same time as the alleged negligence in September, 1971. Thus, if Section 23–3415(a) applies literally to this action, plaintiff's existing cause of action was immediately cut off on July 1, 1975, the effective date of the Malpractice Act.

The legislature does not have unlimited power to cut off an existing cause of action.

> [T]he legislature ordinarily may reduce the statute of limitations and make the reduced period of limitations applicable to the rights of action which have already accrued, provided the new period of limitations accords to claimants a reasonable time within which to file suit . . . .

*Morris v. Gross,* 572 S.W.2d 902, 906–907 (Tenn.1978). Once the Malpractice Act was passed, plaintiff would have had only the period from May 29, 1975, the date the Malpractice Act was signed by the Governor, until July 1, 1975, the effective date of the Malpractice Act, in which to bring suit. There is a grave doubt that this period of some 32 days would constitute "a reasonable time within which to file suit." In the first place 32 days would not be sufficient time to alert parties that had been relying upon a saving statute that effectively postponed the existing statute of limitations for many years. Such parties would have need-ed a longer period than 32 days in which to evaluate potential causes of action, obtain counsel and bring suit. Cf. *Morris v. Gross, supra.* In the second place, there is some question whether the period between the passage of a new statute of limitations and its effective date should even be considered in deciding whether a reasonable grace period was provided by the legislature. See *Guthrie v. Wilson,* 240 Ind. 188, 162 N.E.2d 79 (1959); but see *Reid v. Solar Corp.,* 69 F.Supp. 626 (N.D.Iowa 1946). If this interlude is not considered, plaintiff was given no grace period in which to bring suit. Rather than presume an intention that minors be forced to bring suit precipitantly, on the part of the legislature, this Court would presume that the legislature did not intend Section 23–3415(a) to apply to minors' causes of action that had accrued more than three years prior to the effective date of the Malpractice Act. See *Slover v. Union Bank,* 115 Tenn. 347, 89 S.W. 399 (1905).

Defendant Fort Sanders Presbyterian Hospital concedes that Section 23–3415(a) could not have been intended to cut off plaintiff's existing cause of action as of July 1, 1975. The Hospital argues, however, that under "the express and reasonable terms of the Act" plaintiff had three years from the effective date of the Act or until July 1, 1978, in which to bring this cause of action. Plaintiff did not bring suit until February 28, 1979.

The flaw in defendant's argument is that Section 23–3415(a) simply does not provide any such grace period. Nor would it be reasonable to assume that the legislature intended a three-year grace period. The policy of Section 23–3415(a) is that actions are not to be brought more than three years after an act of medical negligence. Thus, if the legislature had intended Section 23–3415(a) to apply to existing causes of action,

---

**2.** *Hill v. City of Chattanooga,* 533 S.W.2d 311 (Tenn.Ct.App.1976) is not inconsistent with the Court's ruling. In that case, a minor plaintiff was injured by the collapse of a wall. The Court of Appeals, inter alia, affirmed the grant by the trial court of the defendants architects' motion for summary judgment based upon Tenn.Code Ann. § 28–314, which provides essentially that all actions for damages arising out of an improvement to real property shall be brought within four years after substantial completion of the improvement. Since the minor's action against the architects was barred before it accrued, Section 28–107, which does not save a minor's cause of action until after accrual, had no relevance to the case.

the legislature would doubtless have provided as short a grace period as possible in which to bring existing actions—certainly one less than three years. The failure of the legislature specifically to include any grace period implies that the legislature was not concerned about existing causes of action that would be instantly cut off because such actions were not intended to be covered. The Court has no doubt that this would be the interpretation of the courts of Tennessee. See *Slover v. Union Bank, supra.*

It is accordingly ORDERED that the motions for summary judgment be, and the same hereby are, denied.

Order accordingly.