Nancy M. CRONIN, Plaintiff–Appellant,

v.

John W. HOWE, M.D., Defendant–
Appellee.

Supreme Court of Tennessee,
at Knoxville.

Sept. 5, 1995.

**911**

Jerrold L. Becker, John D. Lockridge, Jr., Scarlett A. Beaty, Lockridge & Becker, Knoxville, for Appellant.

Randall L. Kinnard, Kinnard & Clayton, Nashville, Steven R. Walker, Memphis, for amicus curiae, Tennessee Trial Lawyers Association.

Edward G. White, II, Wayne A. Kline, Hodges, Doughty & Carson, Knoxville, for Appellee.

Robert E. Parker, Garrett E. Asher, Parker, Lawrence, Cantrell & Dean, Nashville,

for amicus curiae, The Tennessee Defense Lawyers Association.

## OPINION

ANDERSON, Chief Justice.

The issue in this appeal is whether the Tennessee savings statute [1] operates to save a medical malpractice action which was initially filed within the three-year statute of repose, but which was voluntarily dismissed and refiled beyond the three-year statute of repose.[2] We hold that it does. The judgment of the Court of Appeals is reversed and the cause remanded to the trial court.

### BACKGROUND

The plaintiff, Nancy M. Cronin, filed a medical malpractice action alleging that on February 25, 1988, the defendant, Dr. John W. Howe, negligently failed to diagnose that she had breast cancer and that the correct cancer diagnosis was subsequently made on August 7, 1989. Because the complaint was filed on June 12, 1990, the original action was brought within one year of the discovery of the alleged negligence and within three years of the alleged negligent act. Thereafter, however, on October 23, 1991, Cronin took a voluntary non-suit without prejudice.

Less than one year after the order of voluntary dismissal, Cronin refiled her medical malpractice action, relying upon the Tennessee savings statute which provides that if an action is filed within the statute of limitations and a judgment of dismissal entered, on any ground not concluding the right of action, the action may be refiled one year after the dismissal. See Tenn.Code Ann. § 28–1–105(a) (1980 & Supp.1994). The defendant, for answer and as grounds for summary judgment, relied upon the three-year medical malpractice statute of repose, which provides that no medical malpractice action shall be brought more than three years after the date on which the negligent act occurred. See Tenn.Code Ann. § 29–26–116(a)(3) (1980).

1. Tenn.Code Ann. § 28–1–105(a) (1980 & Supp. 1994).

2. Tenn.Code Ann. § 29–26–116(a)(3) (1980).

The trial court granted the defendant's motion for summary judgment, concluding that the savings statute does not "save" the plaintiff's action because it was re-filed beyond the three-year medical malpractice statute of repose. In a memorandum opinion, the Court of Appeals affirmed. Thereafter, we granted the plaintiff's appeal to consider what is, in this Court, an issue of first impression.

## STATUTORY CONSTRUCTION

Because this issue requires an interpretation of the interaction between the medical malpractice statute of repose and the savings statute, the familiar and applicable rules of statutory construction apply.

■ The role of this Court in construing statutes is to ascertain and give effect to the legislative intent. *Wilson v. Johnson County,* 879 S.W.2d 807, 809 (Tenn.1994). Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. *Carson Creek Vacation Resorts, Inc. v. State, Dept. of Revenue,* 865 S.W.2d 1, 2 (Tenn.1993). If necessary to a determination of the meaning of a statute, however, recourse may be had to considerations of public policy and to the established policy of the Legislature as evidenced by a general course of legislation. *Woodroof v. City of Nashville,* 183 Tenn. 483, 192 S.W.2d 1013, 1015 (Tenn.1946).

■ A construction which places one statute in conflict with another must be avoided; therefore, we must resolve any possible conflict between statutes in favor of each other, so as to provide a harmonious operation of the laws. *State By and Through Pierotti ex rel. Boone v. Sundquist,* 884 S.W.2d 438, 444 (Tenn.1994). In the event two acts conflict and cannot be reconciled, the prior act will be repealed or amended by implication to the extent of the inconsistency between the two, because the Legislature is presumed to have knowledge of its prior enactments and to know the state of the law at the time it passes legislation. *Wilson v. Johnson County,* 879 S.W.2d at 809. Repeals by implication are not favored, however, and will be recognized only when no fair and reasonable construction will permit the statutes to stand together. *Id.*

An application of those general rules in this case requires that we examine the plain language and intended purpose of the savings statute and the three-year medical malpractice statute of repose to determine whether any potential conflict between the two can be avoided by a fair and reasonable construction which will provide a harmonious operation of the law and effectuate the legislative intent.

## SAVINGS STATUTE vs. STATUTE OF REPOSE

■ The purpose of the Tennessee savings statute is to provide a diligent plaintiff an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the plaintiff's right of action. *Dukes v. Montgomery County Nursing Home,* 639 S.W.2d 910, 913 (Tenn.1982). A diligent plaintiff has been defined as one whose timely filed complaint puts the defendant on notice that the plaintiff intends to assert her legal rights. *Lee v. Crenshaw,* 622 F.2d 202 (6th Cir.1980).

The express language of the savings statute provides that:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn.Code Ann. § 28-1-105(a) (1980 & Supp. 1994). Many years ago, however, this Court

recognized that the statutory language must be applied according to the spirit of the statute. We said:

> The statute has not merely letter but a spirit. That spirit is manifested in the history of the statute.... It is that a plaintiff shall not be finally cast out by the force of any judgment or decree whatsoever, not concluding his right of action, without an opportunity to sue again within the brief period limited.

*Nashville, C & St. L. Ry. v. Bolton,* 134 Tenn. 447, 184 S.W. 9, 11 (1916). Thus, this Court has long been committed to the view that the "savings statute" is remedial and should be liberally construed in furtherance of its purpose and in order to bring cases within its spirit and fair intention. *Kee v. Shelter Ins.,* 852 S.W.2d 226, 228 (Tenn.1993). In effect, the savings statute confers upon a plaintiff who files a second action within one year of a voluntary non-suit of a first action the same procedural and substantive benefits that were available to the plaintiff in the first action. *Dukes v. Montgomery County Nursing Home,* 639 S.W.2d at 913.

■ In contrast to the long history of liberal construction and remedial purpose of the savings statute, the three-year medical malpractice statute of repose was enacted in 1975 as part of a comprehensive legislative package designed to confront what the Legislature perceived as a "medical malpractice crisis." *Harrison v. Schrader,* 569 S.W.2d 822, 826 (Tenn.1978). The statute of repose provides in pertinent part as follows:

> (a)(1) The statute of limitations in malpractice actions shall be (1) year as set forth in § 28-3-104.
>
> (2) In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.
>
> (3) In no event shall any such [medical malpractice] action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

Tenn.Code Ann. § 29-26-116 (1980). On its face, the statute recognizes the application of the one-year statute of limitations and the discovery rule, but places an absolute three-year limit upon the time within which malpractice actions can be brought, which has been characterized as "an outer limit or ceiling superimposed upon the existing statute [of limitations]." *Harrison v. Schrader,* 569 S.W.2d at 826. The three-year limit was intended by the Legislature to provide certainty as to the time period during which a physician could be subject to potential liability and was an effort to both address the actuarial concerns of the insurance industry and stem increasing medical malpractice insurance rates. *Id.; Parlato v. Howe,* 470 F.Supp. 996, 998 (E.D.Tenn.1979).

■ Accordingly, where the one-year statute of limitations governs the time within which legal proceedings may be commenced after a cause of action *accrues,* the three-year medical malpractice statute of repose limits the time within which an action may be *brought,* but it is entirely unrelated to the accrual of a cause of action and can, in fact, bar a cause of action before it has accrued. *Watts v. Putnam County,* 525 S.W.2d 488, 491 (Tenn.1975); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.,* 489 A.2d 413, 421 (Del.1984). That distinction has prompted courts to hold that statutes of repose are substantive and extinguish both the right and the remedy, while statutes of limitation are merely procedural, extinguishing only the remedy. *See Bruce v. Hamilton,* 894 S.W.2d 274, 276 (Tenn.App.1993); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.,* 489 A.2d at 421; *Wright v. Robinson,* 262 Ga. 844, 426 S.E.2d 870 (1993); *Goad v. Celotex Corp.,* 831 F.2d 508, 511 (4th Cir.1987); *Wayne v. T.V.A.,* 730 F.2d 392, 401 (5th Cir.1984) (discussing Tennessee's products liability statute of repose); *Via v. General Elec. Co.,* 799 F.Supp. 837 (W.D.Tenn.1992) (discussing Tennessee's medical malpractice

statute of repose); *Myers v. Hayes Intern. Corp.,* 701 F.Supp. 618 (M.D.Tenn.1988) (discussing Tennessee's products liability statute of repose).

■ The defendant argues that *Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 122 S.W.2d 453 (1938), holds that the savings statute does not apply where the statute creating the right also sets a time limit in which to exercise the right. The defendant's reliance is misplaced. Although that broad proposition is contained in the case, a clear understanding of the statement requires that we consider the context in which it was made. The plaintiff sued the State to recover gasoline taxes paid under protest. The statute authorizing the suit allowed the action to be filed any time within thirty days after making payment, "and not longer thereafter." *Id.,* 122 S.W.2d at 454. The suit was timely filed but was dismissed upon grounds not concluding the right of action, and refiled beyond the thirty day period, but within the time provided by the savings statute. *Id.* 122 S.W.2d at 455.

Although this Court concluded that the savings statute did not apply, we emphasized the special rules governing actions against the State. We said that suits against the State can be maintained only as authorized by statutes; that statutes permitting suits against the State must be strictly construed; and that general procedural statutes do not apply against the State unless the State is specifically named therein. *Id.* 122 S.W.2d at 454–55. Because it followed the recitation of those particular, specific rules, the broad statement regarding the application of the savings statute should be limited, in our view, to the context in which it was made, statutes authorizing suits against the State or other governmental entities. *See e.g., Brent v. Town of Greeneville,* 203 Tenn. 60, 309 S.W.2d 121 (Tenn.1957) (savings statute does not apply to annexation actions); *Williams v.*

*Memphis Light Gas and Water Div.,* 773 S.W.2d 522 (Tenn.App.1988) (savings statute does not apply to actions brought pursuant to the Tennessee Governmental Tort Liability Act). It has no application in the context of this case.[3]

■ While we agree with those decisions holding that statutes of repose are substantive as opposed to procedural, we do not consider that principle to be the decisive factor in this case. Our rule of statutory construction requires that where a reasonable construction exists, we must resolve any possible conflict between statutes in favor of each other so as to provide a harmonious operation of the laws. In this case, we are of the opinion that a reasonable construction exists which will effectuate the purpose of both statutes.

Because the plaintiff initially *brought* her medical malpractice action within the one-year statute of limitations, and within the three-year statute of repose, she complied with the letter of the statute of repose, avoided the substantive bar of the statute, and fulfilled its legislative purpose—to limit the time period during which a physician is subject to a claim of potential liability. Because her suit was brought within the three-year period, it was "commenced within the time limited by a rule or statute of limitation," and its conclusion on a ground other than the merits brought its refiling within the long-standing purpose, spirit, and express terms of the savings statute—to provide a diligent plaintiff with an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the right of action. Thus, application of the savings statute in this case neither frustrates nor conflicts with either the letter or the purpose of the three-year medical malpractice statute of repose.

■ Accordingly, we conclude that where, as here, a medical malpractice action

---

**3.** In *Bruce v. Hamilton,* the Court of Appeals relied upon *Automobile Sales Co. v. Johnson* to support its conclusion that the savings statute does not apply to a medical malpractice cause of action re-instituted after the three-year statute of repose. Because we conclude that *Automobile Sales Co. v. Johnson* is limited in application as discussed above, we expressly overrule the Court of Appeals decision in *Bruce v. Hamilton,* to the extent it conflicts with our decision herein.

is timely filed, within both the statute of limitations and the statute of repose, a plaintiff who voluntarily non-suits the initial action may rely upon the savings statute and refile within one year of the non-suit, even if the non-suit and the refiling occur beyond the three-year statute of repose. Our conclusion is consistent with the letter, spirit, and purpose of each of the statutes at issue, and with other state courts considering the issue. *Vesolowski v. Repay,* 520 N.E.2d 433 (Ind. 1988); *See v. Hartley,* 257 Kan. 813, 896 P.2d 1049 (1995); *Limer v. Lyman,* 241 Ill.App.3d 125, 181 Ill.Dec. 667, 608 N.E.2d 918 (1993); *Wade v. Reynolds,* 34 Ohio App.3d 61, 517 N.E.2d 227 (1986); *Cf. Parlato v. Howe,* 470 F.Supp. 996 (E.D.Tenn.1979) (applying Tennessee law and discussing the interaction between the legal disability statute and the medical malpractice statute of repose); *Contra Wright v. Robinson,* 262 Ga. 844, 426 S.E.2d 870 (1993); *Via v. General Elec. Co.,* 799 F.Supp. 837 (W.D.Tenn.1992) (applying Tennessee law and discussing the interaction between the savings statute and the medical malpractice statute of repose).

## CONCLUSION

Because we conclude that the savings statute applies to the plaintiff's medical malpractice action which was initially filed within the one-year statute of limitations and the three-year statute of repose, but which was voluntarily dismissed and refiled beyond the three-year statute of repose, the judgment of the Court of Appeals sustaining the trial court's grant of summary judgment to the defendant is reversed. The cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the defendant, John W. Howe, M.D.

DROWOTA, REID, BIRCH and WHITE, JJ., concur.