# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

FILED

May 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

KRISINDA BOWERS, A Minor,      )
by next friend, TAMMY K. BOWERS )
and STEVE BOWERS,              )
                              )
          Plaintiff/Appellant,  )  Madison Law No. C-91-273
                              )
VS.                           )  Appeal No. 02A01-9601-CV-00011
                              )
STEPHEN HAMMOND, THE JACKSON   )
CLINIC PROFESSIONAL ASSOCIATION, )
and THE JACKSON-MADISON COUNTY  )
GENERAL HOSPITAL,             )
                              )
          Defendants/Appellees.  )

### APPEAL FROM THE CIRCUIT COURT OF MADISON COUNTY
### AT JACKSON, TENNESSEE
### THE HONORABLE FRANKLIN MURCHISON, JUDGE

**JOEL PORTER**
**BURCH, PORTER & JOHNSON**
Memphis, Tennessee
Attorney for Plaintiff/Appellant

**JAMES BELEW WEBB**
**FLIPPIN, COLLINS, HUEY & WEBB**
Milan, Tennessee
Attorney for Plaintiff/Appellant

**MARTY R. PHILLIPS**
**RAINEY, KIZER, BUTLER, REVIERE & BELL, P.L.C.**
Jackson, Tennessee
Attorney for Appellees, Stephen Hammond &
The Jackson Clinic Professional Association

**JERRY D. KIZER, JR.**
**PATRICK W. ROGERS**
**RAINEY, KIZER, BUTLER, REVIERE & BELL, P.L.C.**
Jackson, Tennessee
Attorneys for Appellee Jackson-Madison County
General Hospital District

**AFFIRMED IN PART, REVERSED IN PART**
**AND REMANDED**

                                        **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID G. HAYES, J.**

Plaintiff Krisinda Bowers, a minor, by next friends Tammy K. Bowers and Steve Bowers (Krisinda's parents), appeals the trial court's order entering summary judgment in favor of Defendants/Appellees Stephen Hammond, The Jackson Clinic Professional Association, and Jackson-Madison County General Hospital. In dismissing the complaint, the trial court ruled that Krisinda's action against the Defendants was barred by the three-year statute of repose applicable to medical malpractice actions and, further, that Krisinda's action against the Hospital was barred by her failure to comply with the statutory notice requirements formerly applicable to actions against governmental entities. We affirm in part and reverse in part.

On March 18, 1982, Krisinda was born at Jackson-Madison County General Hospital, where she was delivered by Dr. Hammond and employees of the Hospital. Dr. Hammond was an employee of The Jackson Clinic. During her birth, Krisinda suffered from oxygen deficiency, or hypoxia, which resulted in severe brain damage and mental retardation.

Nine years later, in November 1991, Krisinda sued the Defendants for $3.5 million in damages for her birth-related injuries. The Defendants answered, raising the defense, inter alia, that the three-year statute of repose contained in Tennessee's Medical Malpractice Act barred Krisinda's action against them. See T.C.A. § 29-26-116(a)(3) (1980). The Hospital, a governmental entity, raised the additional defense that Krisinda's claim was barred by her failure to comply with the notice provisions of the Tennessee Governmental Tort Liability Act, which provisions were applicable to claims against governmental entities at the time Krisinda's cause of action arose. See T.C.A. §§ 29-20-301, 29-20-302 (1980).[1] Based on these defenses, the trial court granted the Defendants' respective motions for summary judgment, and Krisinda appealed.

On appeal from the trial court's order of dismissal, Krisinda, through her parents, contends that the trial court erred in entering summary judgment in favor of the Defendants

---

[1]Sections 29-20-301 and 29-20-302 were repealed in 1987. See 1987 Tenn. Pub. Acts 405.

based on the foregoing defenses because operation of the cited statutes was tolled by Krisinda's disability of minority. In this regard, Tennessee Code Annotated section 28-1-106 provides that:

> If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

T.C.A. § 28-1-106 (1980). Accordingly, this appeal requires us to consider, in turn, the relationship between section 28-1-106, which extends the time in which minors or other persons under a legal disability may commence a cause of action, and the statutes cited by the Defendants, which purport to impose time limitations on the commencement of certain actions.

## I. Section 29-26-116: The Medical Malpractice Act's Statute Of Repose

The statute of repose for medical malpractice actions, contained in section 29-26-116, provides that:

> In no event shall any [medical malpractice] action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

T.C.A. § 29-26-116(a)(3) (1980). Based on the language of this statute, the Defendants contend that, despite her disability of minority, Krisinda had only three years after the date of her injury in which to bring this action.

This argument was rejected by this court's prior unpublished decision in Adkins v. Martin, slip op. at 6-9 (Tenn. App. Mar. 28, 1983), perm. app. denied C.R.O. (Tenn. June 27, 1983), which appears to require reversal of the judgment entered in favor of the Defendants in this case. In Adkins, the plaintiff, a minor, suffered complications during surgery when she became cyanotic, or suffered from a lack of oxygen. Adkins, slip op. at

3

2. As a result of this oxygen deficiency, the plaintiff suffered permanent brain damage and was rendered non compos mentis. Id. More than three years after the surgery, the plaintiff filed a medical malpractice action against her surgeon, the anesthetist, and the hospital. Id. The defendants filed a motion for summary judgment on the ground that the suit was barred by section 29-26-116, but the trial court denied the motion. Id. at 3.

This court affirmed, holding that section 29-26-116 did not supersede or suspend the operation of section 28-1-106. Adkins, slip op. at 5. The court explained:

> There are several compelling reasons why we are of the opinion that § 29-26-116 does not take precedence over § 28-1-106. First of all, the basic unfairness of rigidly enforcing a statute of limitations against mentally incompetent persons is recognized by the statutes of all 50 states and the District of Columbia. See Brooks v. Southern Pacific Co., 466 P.2d 736, 738 n.1 (Ariz. 1970). See also 51 AmJur2d, Limitation of Actions, § 186.
>
> The legal disability statute of this state represents a long-standing policy to protect potential causes of action of minors during their period of minority, and of persons of unsound mind during their period of mental incompetency, as well. It first came into our code in 1858. Prior to the advent of the Medical Malpractice Act of 1976, and the Tennessee Products Liability Act of 1978, . . . no limitations were attempted to be placed upon the rights of minors during their minority, nor persons of unsound mind during their incompetency, to enforce their causes of action.

Adkins, slip op. at 6-7. In accordance with this policy, this court held that the medical malpractice action brought by the plaintiff, who was still under a mental disability, was not barred by the three-year limitation period contained in section 29-26-116.

In so holding, this court relied on a previous decision of the Eastern Section of this court, as well as a United States District Court opinion, which construed these statutes. In Braden v. Yoder, 592 S.W.2d 896, 897 (Tenn. App. 1979), the court held that section 29-26-116(a) did not eliminate the special rights of minors under section 28-1-106 because "[t]here is no legislative intent that such rights be eliminated and to do so would cause harsh results to parties injured at an early age who are helpless to protect their rights." In Parlato v. Howe, 470 F. Supp. 996 (E.D. Tenn. 1979), the federal district court explained

4

the onerous burden that operation of the three-year statute of repose would have upon minors in the absence of the legal disability statute:

> Under Section 23-3415(a) [now section 29-26-116(a)], if an injury is discovered within the three-year period, an adult is at least in a position to protect himself by bringing his action promptly. A minor, especially one who, like plaintiff here, is injured at a very early age, is helpless to protect himself. If Section 23-3415(a) is held to eliminate the legal disability statute in medical malpractice cases, the minor could forever lose his cause of action strictly through the neglect of others. This burden upon minors would be so oppressive that the Court cannot reasonably so construe Section 23-3415(a) unless clear legislative intent appears.

Parlato, 470 F. Supp. at 999. On the subject of legislative intent, the court opined that:

> Section 23-3415(a) was not intended to interfere with the operation of the legal disability statute. The mere fact that a new, and more restrictive, statute of limitations is passed does not necessarily indicate that the legislature intended to eliminate the special rights of minors. . . . Statutes of limitations are usually phrased in absolute and general terms and thus the failure of the legislature to exempt minors specifically is not surprising. The legal disability statute represents a long-standing policy of the State of Tennessee to protect potential causes of actions by minors during the period of their minority. See Gaugh v. Henderson, 39 Tenn. 628, 634 (1859). Unlike the discovery rule itself, the legal disability statute does not represent a recent alteration in procedure and is not in any way associated with the "medical malpractice insurance crises" that concerned the legislature in passing Section 23-3415(a). Harrison v. Schrader, [569 S.W.2d 822, 826 (Tenn. 1978)]. Before acknowledging the elimination of such an established policy, this Court would require more evidence of legislative intent than mere silence.

Id. at 998-99 (citation and footnote omitted).

Despite these decisions, and despite this court's decision in Adkins, the Defendants insist that the trial court's judgment should be affirmed in this case because, since Adkins was decided, several developments in the law have occurred which compel a different result. We are not persuaded, however, because we note that most, if not all, of the arguments presently advanced by the Defendants were considered and rejected by this court in Adkins.

Citing principles of statutory construction, the Defendants argue that the plain language of section 29-26-116 bars the present action, despite Krisinda's minority. In

5

particular, the Defendants point to the language that "[i]n no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred." T.C.A. § 29-26-116(a)(3) (1980) (emphasis added). The Defendants contend that the language "[i]n no event" bars any claim brought more than three years after the date of the negligent act, even in the event the claim is brought by a minor.

This specific argument, however, was considered and rejected by this court in Adkins. There, the defendants urged a literal application of the "in no event" language based on the decision of the Supreme Court of Tennessee in Harrison v. Schrader, 569 S.W.2d 822, 826 (Tenn. 1978). Despite the Supreme Court's pronouncement in Harrison that section 29-26-116(a) provided "an absolute three-year limit on the time within which actions could be brought," we concluded that the plaintiff's claim was not barred. Adkins, slip op. at 6.

In another statutory construction argument, the Defendants note that the ten-year statute of repose contained in the Tennessee Products Liability Act contains an express exception for minors. See T.C.A. § 29-28-103(a) (1980 & Supp. 1996).[2] Citing this statute, the Defendants argue that, had the legislature intended to create an exception for minors in the Medical Malpractice Act, the legislature expressly would have done so.

Our opinion in Adkins, however, reveals that the court was aware of the exception for minors contained in the Products Liability Act's statute of repose. In contrast to the Defendants' present argument, we concluded that "the exclusion of minors from the effects

---

[2]Section 29-28-103(a) provides that:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

T.C.A. § 29-28-103(a) (1980 & Supp. 1996) (emphases added).

6

of the ten-year 'cap' statute in the Products Liability Act" supported, rather than undermined, our decision in Adkins. Adkins, slip op. at 8. In reaching this conclusion, we relied on the Parlato decision, wherein the defendants similarly argued "that if the legislature had desired to provide special exemption for minors in the medical malpractice area, it would have so stated, as it did in the case of products liability actions." Parlato v. Howe, 470 F. Supp. 996, 999 (E.D. Tenn. 1979). In rejecting this argument, the federal district court reasoned that:

> [T]he exclusion of minors from the operation of the products liability statute of limitations renders it extremely unlikely that the legislature intended to include minors in the operation of Section 23-3415(a) [now section 29-26-116(a)]. These two statutes of limitations are similar in purpose and operation. Both provide ceilings for the utilization of the discovery rule for accrual of an action. Defendants have been unable to provide the Court with a coherent reason why the legislature might desire to treat minors differently under the Products Liability Act than under the Medical Malpractice Act. The specific reference to minors in the products liability statute might well represent a fear by the legislature that the courts would misconstrue its intent and unfairly subject minors to a restricted statute of limitations. Interpreted in this fashion, the Products Liability Act suggests that there is a general legislative policy not to include minors in the operation of restrictive statutes of limitations and thus supports the view that Section 23-3415(a) was not intended to supersede the legal disability statute in the case of minors. If the legislature had intended to include minors in the restrictions of Section 23-3415(a), it would have been a simple matter to say so.

Parlato, 470 F. Supp. at 999-1000 (quoted in Adkins, slip op. at 8).


The Defendants further argue that creating an exception for minors based on section 28-1-106 subverts the legislative intent in enacting the three-year statute of repose contained in section 29-26-116. This legislative intent was set forth in Harrison v. Schrader, 569 S.W.2d 822 (Tenn. 1978), where the Supreme Court of Tennessee explained that:

> At the time the legislature passed the statute of limitations eventually codified as Sec. 23-3415(a) [now section 29-26-116(a)], T.C.A., this state and the nation were in the throes of what was popularly described as a "medical malpractice insurance crisis." Because of alleged increasing numbers of claims, insurance companies had grown reluctant to write medical malpractice policies. Where policies were available, premiums had risen astronomically.

7

The legislature could have seen in this situation a threat not only to the medical profession and its insurers, but also to the general welfare of the citizens of this state. As liability costs skyrocketed, so would the cost of health care. Physicians would be encouraged to cease practice or contemplate early retirement, and the number of available physicians would decrease. The practice of "defensive medicine," spawned by fear of costly legal actions, would lead to a lower quality of health care in general. These considerations may or may not have been valid; however, it is apparent that they were accepted by the legislature and formed the predicate for its action.

In addition, it could be argued that to the extent that safe estimates required by actuarial uncertainty, aggravated by the extended period during which a physician could be subject to potential liability, contributed to the increase in malpractice insurance costs, "it is understandable that a legislature intent upon halting such phenomenal increases would seek some method to increase the certainty of such estimates," i.e., an absolute three-year limit on the time within which actions could be brought. Note, <u>Malpractice in Dealing with Medical Malpractice??</u>, 6 Mem. St. L. Rev. 437, 459 (1976).

<u>Harrison</u>, 569 S.W.2d at 826 (footnotes omitted). The Defendants contend that an exception for minors would defeat this legislative intent because such an exception could extend the period in which a minor may bring a medical malpractice action from three years to up to nineteen years.

As before, however, this court's opinion in <u>Adkins</u> reveals that the court was aware of the legislative intent behind section 29-26-116 and that the court specifically rejected the notion that creating an exception for minors would defeat this intent. In <u>Adkins</u>, we stated that:

In holding that persons under mental disability should, along with minors, be excepted from the application of T.C.A. § 29-26-116(a), we do not feel that we are in any way fueling the fires of the "medical malpractice insurance crises" that precipitated the enactment of § 29-26-116(a) in the first instance.

<u>Adkins</u>, slip op. at 9.

The Defendants' remaining, and perhaps strongest, argument for us to recede from our holding in <u>Adkins</u> is that subsequent decisions in Tennessee have distinguished between statutes of limitations and statutes of repose and have concluded that section 29-26-116 falls within the latter category. See <u>Cronin v. Howe</u>, 906 S.W.2d 910, 913

8

(Tenn. 1995); Bruce v. Hamilton, 894 S.W.2d 274, 276 (Tenn. App. 1993), overruled on other grounds by Cronin v. Howe, 906 S.W.2d 910, 914 n.3 (Tenn. 1995). In Cronin v. Howe, the Supreme Court of Tennessee explained that:

> On its face, [section 29-26-116] recognizes the application of the one-year statute of limitations and the discovery rule, but places an absolute three-year limit upon the time within which malpractice actions can be brought, which has been characterized as "an outer limit or ceiling superimposed upon the existing statute [of limitations]." Harrison v. Schrader, [569 S.W.2d 822, 826 (Tenn. 1978)]. . . .
>
> [W]here the one-year statute of limitations governs the time within which legal proceedings may be commenced after a cause of action accrues, the three-year medical malpractice statute of repose limits the time within which an action may be brought, but it is entirely unrelated to the accrual of a cause of action and can, in fact, bar a cause of action before it has accrued. . . . That distinction has prompted courts to hold that statutes of repose are substantive and extinguish both the right and the remedy, while statutes of limitation are merely procedural, extinguishing only the remedy.

Cronin v. Howe, 906 S.W.2d at 913 (emphases in original) (citing Bruce v. Hamilton, 894 S.W.2d at 276) (other citations omitted).

Upon reflection, we conclude that this distinction does not warrant a retreat from our holding in Adkins. It is true that in Adkins we did not distinguish between statutes of limitations and statutes of repose. Nevertheless, this court's opinion in Adkins, as well as other decisions upon which we relied, revealed that the courts were aware of the significance of the limitation period contained in section 29-26-116. In Adkins, for example, we noted that the three-year statute of limitations contained in section 29-26-116(a)(3) was a "cap" which placed an "absolute," "outside limit" on the time within which medical malpractice actions could be brought. Adkins, slip op. at 4, 6 (citing Harrison v. Schrader, 569 S.W.2d 822, 826 (Tenn. 1978)). Similarly, in Braden v. Yoder, 592 S.W.2d 896, 897 (Tenn. App. 1979), the Eastern Section of this court recognized that, in enacting section 29-26-116(a)(3), "the legislature superimposed upon the existing limitation period . . . a maximum three-year ceiling" which was "unrelated to the accrual of a cause of action commencing not on discovery but rather at the date of the allegedly negligent act." Despite this court's recognition of the distinction between the Medical Malpractice Act's one-year

9

and three-year limitations periods, we still held that the three-year limitation period contained in section 29-26-116(a)(3) was tolled by the plaintiff's legal disability.

In a related argument, the Defendants contend that, since Adkins, a similar statute of repose has been held to preclude a cause of action filed by a minor outside the statute's limitation period. In Pigg v. Barge, Waggoner, Sumner & Cannon, 1988 WL 92523, at **5-6 (Tenn. App. 1988), the Middle Section of this court held that section 28-1-106 did not preserve a minor's claim arising out of deficient improvements to real property where the statute of repose contained in Tennessee Code Annotated section 28-3-202 limited the commencement of such actions to "within four (4) years after the substantial completion of such an improvement." T.C.A. § 28-3-202 (1980). In so holding, the court drew the same distinction between statutes of repose and conventional statutes of limitation as did the Supreme Court in Cronin v. Howe, 906 S.W.2d 910, 913 (Tenn. 1995). Pigg, 1988 WL 92523, at *3.

We conclude, however, that this court's decision in Pigg is not inconsistent with the court's prior holdings in Adkins and Braden. In Pigg, the savings provisions of section 28-1-106 could not have saved the minor's action because it was undisputed that no cause of action ever accrued to be saved. There, the plaintiff's injury occurred more than four years after the substantial completion of the improvement to real property; thus, regardless of the plaintiff's disability of minority, no cause of action accrued which could have been saved by section 28-1-106. Pigg, 1988 WL 92523, at *6. In fact, the Pigg court distinguished the facts of that case from those presented in Braden and Parlato by pointing out that, in those cases, "[n]o statute of repose had extinguished the defendants' liability at the time the injury occurred." Pigg, 1988 WL 92523, at *5.[3]

---

[3]The Defendants correctly note that the causes of action in Adkins, Braden, and Parlato all accrued prior to enactment of the Medical Malpractice Act. The Parlato court cited this fact as an alternative reason for denying the defendants' motions for summary judgment, noting that the "legislature does not have unlimited power to cut off an existing cause of action." Parlato v. Howe, 470 F. Supp. 996, 1000 (E.D. Tenn. 1979). This factor, however, appears to have played no part in this court's decisions in Adkins and Braden.

In accordance with the foregoing analysis, we conclude that the trial court erred in entering summary judgment in favor of the Defendants based on the Medical Malpractice Act's three-year statute of repose. Although the Defendants skillfully advance several arguments for why this court should reexamine its holding in Adkins, after doing so, we remain unconvinced that recent developments in this area of the law require us to depart from prior precedent of this court. As we stated in Adkins:

> [S]tatutes of limitation are creatures of the legislature. Up to this time, the legislature has not seen fit to provide a cap for the tolling effect of a permanent or long-term incapacity, such as mental disability. We are not inclined to rewrite the statute. However, if our holding in this case is deemed to present a problem in the medical malpractice field, then it is the prerogative of the legislature to remedy it.

Adkins, slip op. at 9.[4]

Despite this invitation, the legislature has not seen fit to change the rule of law announced in Adkins and Braden. In this regard, we are mindful that:

> The legislature is presumed to know the interpretation which courts make of its enactments; the fact that the legislature has not expressed disapproval of a judicial construction of a statute is persuasive evidence of legislative adoption of the judicial construction, . . . .

Hamby v. McDaniel, 559 S.W.2d 774, 776 (Tenn. 1977). After careful consideration, we decline to disturb this court's ruling in Adkins.

## II. Sections 29-20-301 and 29-20-302: The Former Notice Provisions of the Tennessee Governmental Tort Liability Act

On the other hand, prior decisions of this court require us to affirm the trial court's order of dismissal with regards to the Hospital based on the failure to meet the notice requirements of former sections 29-20-301 and 29-20-302. At the time of Krisinda's injury, these statutes provided that:

> **29-20-301. Notice as condition precedent to recovery. --** Any person having a claim for injury to person or property against a governmental entity or its employee must give written notice, as provided for in § 29-20-302, to said

---

[4]As an aside, we wish to commend counsel for the Defendants for bringing this unreported decision to the attention of this court.

governmental entity as a condition precedent to any recovery from said governmental entity or employees.

**29-20-302. Time for filing notice -- Contents and form of claim. --** (a) A claim against a governmental entity shall be forever barred whether or not this statute be pled in bar of such action, unless notice thereof is filed within one hundred twenty (120) days after the cause of action arises except where the cause of action arises out of injury resulting from the operation of a motor vehicle.

(b) . . . .

(c) This section shall not be strictly construed where the municipality should have reasonably apprised itself of the occurrence of the incident or could have done so with the exercise of proper diligence.

T.C.A. §§ 29-20-301, 29-20-302 (1980). The failure to meet these notice requirements is "a valid and complete defense to any liability of a governmental entity which might otherwise exist" by virtue of the Tennessee Governmental Tort Liability Act. T.C.A. § 29-20-303 (1980).

Citing Tennessee Code Annotated section 29-20-104, Krisinda, through her parents, contends that the foregoing notice provisions are not applicable to minors. Section 29-20-104(b) provides that, "[n]otwithstanding any other provision of law to the contrary, the provisions of §§ 28-1-106 -- 28-1-108 shall apply in causes of action arising pursuant to this chapter." T.C.A. § 29-20-104(b) (1980) (emphasis added).

While sections 29-20-104(b) and 28-1-106 effectively extend the time in which minors may bring suit under the Governmental Tort Liability Act,[5] the Eastern Section of this court has held that injured minors are not immune from the Act's former notice requirements. Schorn v. Oak Ridge Schools, 1989 WL 109475, at *3 n.1 (Tenn. App. 1989). In so holding, the court relied on Robinson v. City of Memphis, 105 S.W.2d 101 (Tenn. 1937), wherein the Supreme Court of Tennessee stated that:

[A] notice of this character, which is a prerequisite to the bringing of a suit, is mandatory. The liability of the city is statutory, and the statute is a limit on that liability; no

---

[5]See Doe v. Coffee County Bd. of Educ., 852 S.W.2d 899, 903-04 n.2 (Tenn. App. 1992); Collier v. Memphis Light, Gas & Water Div., 657 S.W.2d 771, 775 (Tenn. App. 1983). In this regard, section 29-20-305(b) provides that actions under the Governmental Tort Liability Act "must be commenced within twelve (12) months after the cause of action arises." T.C.A. § 29-20-305(b) (1980 & Supp. 1996).

> exceptions as to persons is made in the statute and none can be supplied by the courts. It imposes upon all persons, whether minors or not, the obligation to serve such notice in order to maintain an action. The liability of a city for injuries of this character rests exclusively upon express or implied provisions of the statute; it is therefore competent for the Legislature to limit such liability or remove it entirely.

Robinson, 105 S.W.2d at 102.

In accordance with the court's decision in Tucker v. Metropolitan Government, 686 S.W.2d 87 (Tenn. App. 1984), we conclude that the notice given in this case did not comply with the foregoing statutory notice requirements. In Tucker, as in the present case, the plaintiff argued that the defendant hospital had notice of an alleged incident of medical malpractice through the plaintiff's hospital records. Tucker, 686 S.W.2d at 91. By virtue of the information contained in the hospital's own records, the plaintiff insisted, the hospital was reasonably apprised of the occurrence of the incident out of which the plaintiff's claim arose. Id. The court rejected this argument, reasoning that:

> [T]he question arises as to what person in the governmental entity must be "reasonably apprised." We believe that the intent of the legislature was to stipulate that even the less than strict construction as to notice provision was to refer to the same party who must receive written notice, that is, the chief administrative officer. In the instant case, at the very least, the chief administrative officer of [the hospital] would have to be "reasonably apprised . . . of the occurrence of the incident" out of which the claim arose. There is no evidence that the chief administrative officer had any such knowledge merely by virtue of the Plaintiff's . . . medical records.

Id.

We likewise reject the argument in this case that Krisinda's hospital records reasonably apprised the Defendant Hospital of the occurrence of the alleged malpractice incident. In support of this notice argument, Krisinda's counsel points out that Krisinda's hospital records contain a notation by a treating pediatrician that seizures which Krisinda suffered shortly after her birth were, in the pediatrician's opinion, the result of "perinatal asphyxia." The record, however, contains no evidence that the chief administrative officer or anyone else in authority at the hospital was apprised of this information. Accordingly,

13

the trial court properly entered summary judgment in favor of the Hospital based on this defense.

The trial court's judgment in favor of the Hospital is affirmed; however, the judgment in favor of Dr. Hammond and The Jackson Clinic is hereby reversed, and this cause is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to Dr. Hammond and The Jackson Clinic, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
HAYES, J.

14