# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 8, 2005 Session

## KAITLYN CALAWAY, EX REL. KATHLEEN CALAWAY v. JODI SCHUCKER, M.D.

**Rule 23 Certified Question of Law**
**United States District Court for the Western District of Tennessee**
**No. 02-2715-B     J. Daniel Breen, Judge**

---

**No. M2004-02856-SC-R23-CQ - Filed December 9, 2005**

---

JANICE M. HOLDER, J., with whom E. RILEY ANDERSON, J., joins, dissenting

I write separately to express my view that the minority provisions of Tennessee's legal disability statute, Tennessee Code Annotated section 28-1-106 (2000), toll the three-year medical malpractice statute of repose provided in Tennessee Code Annotated section 29-26-116(a)(3) (2000).

A legal disability statute providing for minority tolling was enacted in Tennessee in 1858. See Tenn. Code § 2757 (1858); Jackson v. Crutchfield, 77 S.W. 776, 777 (Tenn. 1903). The legal disability statute provides that

> [i]f the person entitled to commence an action is, at the time the cause of action accrued, either under the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

Tenn. Code Ann. § 28-1-106 (2000). This statute represents Tennessee's long-standing policy of protecting potential causes of action of minors during their minority. Bowers v. Hammond, 954 S.W.2d 752, 754 (Tenn. Ct. App. 1997), *overruled on other grounds by* Penley v. Honda Motor Co., 31 S.W.3d 181 (Tenn. 2000).

The medical malpractice statute was enacted in 1975, long after minority tolling was established. See Tenn. Code Ann. § 23-3415 (1975). Tennessee Code Annotated section 29-26-116(a)(3) (2000) provides that

> [i]n no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent

concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

The plain language of the medical malpractice statute of repose does not preclude minority tolling. The defendant contends, however, that the phrase "[i]n no event" indicates that the General Assembly intended the three-year statute of repose to serve as a complete bar beyond which no medical malpractice cause of action can exist. In construing a statute, we must give effect to every word, phrase, clause, and sentence. Cohen v. Cohen, 937 S.W.2d 823, 828 (Tenn. 1996). We, however, should refrain from lifting a single word or clause from a statute and construing it alone without reference to the remaining language of the statute. Neff v. Cherokee Ins. Co., 704 S.W.2d 1, 7 (Tenn. 1986); Loftin v. Langsdon, 813 S.W.2d 475, 478 (Tenn. Ct. App. 1991). Rather, a statute's meaning is to be determined "from the act taken as a whole, viewing the legislation in light of its general purpose." Pearson v. Hardy, 853 S.W.2d 497, 500 (Tenn. Ct. App. 1992). To make this determination, a review of the background of the Medical Malpractice Act is necessary.

In Teeters v. Currey, 518 S.W.2d 512, 517 (Tenn. 1974), this Court adopted the discovery rule, holding that a medical malpractice cause of action accrues and the statute of limitations commences when the patient discovers or should have discovered the resulting injury through the exercise of reasonable care and due diligence. The discovery rule thus "'extended [the] period during which a physician could be subject to potential liability.'" Parlato v. Howe, 470 F. Supp. 996, 998 (E.D. Tenn. 1979) (quoting Harrison v. Schrader, 569 S.W.2d 822, 826 (Tenn. 1978)). The discovery rule reflects our state's policy against requiring a lawsuit to be filed when circumstances beyond the injured party's control prevent the party from bringing suit. Teeters, 518 S.W.2d at 515.

Shortly after this Court adopted the discovery rule, the General Assembly passed the Medical Malpractice Claims Act of 1975. This act was designed to confront a perceived "medical malpractice insurance crisis" in this country. Cronin v. Howe, 906 S.W.2d 910, 913 (Tenn. 1995). Due to the alleged increase in the number of claims, insurance companies were reluctant to write medical malpractice policies, and the premiums for available policies rose astronomically. Harrison, 569 S.W.2d at 826. Moreover, there was a belief that "safe estimates required by actuarial uncertainty, aggravated by the extended period during which a physician could be subject to potential liability, contributed to the increase in medical insurance costs." Id. Although the discovery rule was specifically included in the Medical Malpractice Act, the legislature also included a statute of repose. The purpose of the medical malpractice statute of repose was to reduce the effect of the discovery rule.

The medical malpractice statute of repose is currently codified in Tennessee Code Annotated section 29-26-116(a)(3) immediately following the codification of the discovery rule in subsection (a)(2). The location of this statute of repose and its purpose of reducing the effect of the discovery rule shows the legislature's intent that the phrase "[i]n no event" in section 29-26-116(a)(3) limits the discovery rule rather than supersedes all other statutes, including the minority tolling provisions in the legal disability statute.

We previously have held that Tennessee Code Annotated section 28-1-106 does not toll any statute of repose for mental incompetency. Penley, 31 S.W.3d at 185. We recognized that a policy permitting the tolling of a statute of repose during mental incompetency severely damages the underlying purposes of statutes of repose due to the indefinite time period during which a person could remain mentally incompetent. Id. at 188. In contrast, any period of minority will not extend longer than eighteen years. Id. at 187. Unlike tolling for incompetency, minority tolling of the medical malpractice statute of repose continues to provide an ascertainable period of time after which a defendant's exposure to liability will be discontinued. Minority tolling "merely extends–but does not practically eliminate–the repose period." Id. at 188. Therefore, extending the running of the medical malpractice statute of repose during a plaintiff's repose period does not destroy the purposes for which the statute of repose was enacted.

Furthermore, without minority tolling, the effect of the medical malpractice statute of repose on a minor is harsher than its effect on an adult. Section 26-26-116(a)(3) may eliminate a cause of action before the cause of action accrues. Penley, 31 S.W.3d at 186. An adult who discovers within the three-year period that he is injured is at least in a position to promptly bring an action. Parlato, 470 F. Supp. at 999; Bowers, 954 S.W.2d at 755. In contrast, a minor, especially one injured at an early age, must rely upon an adult to bring an action on his behalf. If the medical malpractice statute of repose is not tolled during minority, "the minor could forever lose his cause of action strictly through the neglect of others." Parlato, 470 F. Supp. at 999.

Finally, since 1979, various courts have recognized that the medical malpractice statute of repose is tolled during the injured plaintiff's minority. See Parlato, 470 F. Supp. at 999-1000; Bowers, 954 S.W.2d at 758-59; Braden v. Yoder, 592 S.W.2d 896, 897 (Tenn. Ct. App. 1979); see also Penley, 31 S.W.3d at 188 (limiting the precedential weight of Bowers to its holding that the medical malpractice statute of repose is tolled during the plaintiff's minority). The General Assembly has not yet expressed disapproval of these holdings by amending Tennessee Code Annotated section 29-26-116 to expressly prohibit minority tolling of the medical malpractice statute of repose. Generally, legislative inaction is irrelevant to the interpretation of existing statutes. Freeman Indus., LLC v. Eastman Chem. Co., 172 S.W.3d 512, 519 (Tenn. 2005). The legislature's failure to express disapproval of the judicial construction, however, provides persuasive evidence of legislative adoption of that judicial construction. Id. Legislative inaction alone does not support minority tolling of the medical malpractice statute of limitation. Consideration of this factor along with the language and purposes of Tennessee Code Annotated sections 28-1-106 and 29-26-116 leads me to conclude that section 28-1-106 tolls the medical malpractice statute of repose during the plaintiff's minority.

I am authorized to state that Justice Anderson joins in this dissenting opinion.

_____
JANICE M. HOLDER, JUSTICE