# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 8, 2009 Session

## LEE HAYES v. GIBSON COUNTY, TENNESSEE

**Appeal by permission from the Court of Appeals, Western Section**
**Chancery Court for Gibson County**
**No. 18296     Roy B. Morgan, Jr., Judge, sitting by interchange**

_____

**No. W2007-01849-SC-R11-CV - Filed July 2, 2009**

_____

The issue presented in this declaratory judgment action brought by Lee Hayes, the Gibson County juvenile court clerk, is whether he should be compensated pursuant to Tennessee Code Annotated section 8-24-102, as amended in 2001, which sets the Gibson County juvenile court clerk's salary at a minimum of $50,805 per year, or pursuant to a 2000 private act that sets the salary at $32,000 per year. Gibson County argues, and the Court of Appeals agreed, that the private act of 2000 creating the office of Gibson County Juvenile Court Clerk and establishing his salary at $32,000 per year, controls. Mr. Hayes argues that the General Assembly's 2001 amendment to Tennessee Code Annotated section 8-24-102, establishing statewide salaries for county officers, including juvenile court clerks, supersedes the 2000 private act and that his annual salary should be $50,805 in accordance with Tennessee Code Annotated section 8-24-102, as amended. We hold that there is an irreconcilable conflict between the 2000 private act and the 2001 public act, and that the 2001 public act, a general statutory scheme of statewide application, supersedes and repeals by implication the earlier private act. Accordingly, the judgment of the Court of Appeals is reversed and the case remanded to the trial court.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed;**
**Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which JANICE M. HOLDER, C.J., GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined. CORNELIA A. CLARK, J., not participating.

J. Mark Johnson, Trenton, Tennessee, for the appellant, Lee Hayes.

Floyd S. Flippin and Terri Smith Crider, Humboldt, Tennessee, for the appellee, Gibson County, Tennessee.

1

## OPINION

## Background

In 1982, the General Assembly enacted Chapter 307 of the Private Acts of 1982, which created the Gibson County Juvenile Court and provided that the county clerk would also serve as the juvenile court clerk. 1982 Tenn. Priv. Acts 230, 230-31. In 2000, the legislature amended the 1982 private act with the passage of Chapter 142 of the Private Acts of 2000, which created the separate office of Gibson County Juvenile Court Clerk and established a salary of $32,000 per year along with "any annual raises given to county employees by the Gibson County Commission." 2000 Tenn. Priv. Acts 459, 459-60.

At the time the General Assembly enacted the 2000 amendment to the 1982 private act, Tennessee Code Annotated section 8-24-102 provided that "[f]or the purposes of determining the compensation to be received by the various county officers, 'general officers' includes . . . juvenile court clerks" and mandated that "county officers shall receive compensation per year" according to a chart based on county population. Tenn. Code Ann. § 8-24-102(a), (b) (1993 & Supp. 1999). The General Assembly in 2001, after passage of Chapter 142 of the Private Acts of 2000, amended Tennessee Code Annotated section 8-24-102 to increase the salary scale for county officers, among other things. The 2001 public act, Chapter 405 of the Public Acts of 2001, mandates that "general officers shall receive minimum compensation" according to a scaled chart based on county population according to the 2000 federal census. 2001 Tenn. Pub. Acts 962. Gibson County's population according to the 2000 census was 48,152. Under Tennessee Code Annotated section 8-24-102 as amended effective July 1, 2001, county officers serving counties with a population of 35,000 to 49,999 (such as Gibson County) were entitled to a minimum salary of $50,805. Tenn. Code Ann. § 8-24-102(b) (2002 & Supp. 2008).

Mr. Hayes was elected Gibson County Juvenile Court Clerk in 2002 and reelected in 2006. Since 2002, Gibson County has paid Mr. Hayes a base annual salary of $32,000 according to the provisions of the 2000 private act. After Mr. Hayes became aware of the discrepancy between the salaries established for his office by the 2000 private act and the 2001 public act, he informed the Gibson County attorney and the Tennessee Administrative Office of the Courts ("AOC") of the discrepancy.

Thereafter, the chief legal consultant for the University of Tennessee County Technical Assistance Service advised the Gibson County attorney that he believed the 2000 private act was "in constitutional conflict" with the 2001 general statute and that the juvenile court clerk should have been paid according to the 2001 general statute beginning July 1, 2001. Further, in January of 2005, the Attorney General issued an opinion in response to a request from the AOC, opining that starting July 1, 2001, the juvenile court clerk should be paid under section 8-24-102 as amended by the 2001 public act and stating, "we think a court would conclude that the 2001 amendment repealed the 2000 private act by implication." Op. Tenn. Att'y Gen. 05-007 (2005), 2005 WL 273520, at *2.

Mr. Hayes initiated the present action by filing a declaratory judgment action and petition for writ of mandamus against Gibson County. Mr. Hayes asserted that the 2001 amended general statute supersedes the 2000 private act, and that he should therefore be paid in accordance with Tennessee Code Annotated section 8-24-102 as amended. Following a hearing, the trial court agreed with Mr. Hayes and awarded him $95,773.83 in back pay,[1] prejudgment interest, and attorney's fees in the amount of $9,075. The Court of Appeals reversed, holding that there was not an inescapable conflict between the 2000 private act and the 2001 public act, and that "the 2001 amendments did not change the character or purpose of the statutory section [of Tennessee Code Annotated section 8-24-102], which clearly provides the general minimum compensation levels for county officials." Hayes v. Gibson County, No. W2007-01849-COA-R3-CV, 2008 WL 1891444, at *3 (Tenn. Ct. App. Apr. 29, 2008).

**Analysis**

The issue we address in this appeal is whether the Gibson County Juvenile Court Clerk should be paid under the provisions of the 2000 private act or the statewide salary statute enacted at Tennessee Code Annotated section 8-24-102 as amended in 2001.[2]

The issue presented requires statutory construction. Issues of statutory construction are reviewed de novo with no presumption of correctness attaching to the rulings of the court below. Carter v. Bell, 279 S.W.3d 560, 564 (Tenn. 2009). The primary rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. Walker v. Sunrise Pontiac-GMC Truck, Inc., 209 S.W.3d 301, 309 (Tenn. 2008). To that end, we begin by examining the language of the statute. Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877, 881 (Tenn. 2005). In our examination of statutory language, we must presume that the legislature intended that each word be given full effect. Lanier v. Rains, 229 S.W.3d 656, 661 (Tenn. 2007). When the language of a statute is ambiguous in that it is subject to varied interpretations producing contrary results, Walker, 209 S.W.3d at 309, we construe the statute's meaning by examining "the broader statutory scheme, the history of the legislation, or other sources." State v. Sherman, 266 S.W.3d 395, 401 (Tenn. 2008). However, when the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000); see also In re Adoption of A.M.H., 215 S.W.3d 793, 808 (Tenn. 2007) (holding that "where the statutory language is not ambiguous . . . the plain and ordinary meaning of the statute must be given effect"). We presume that the General Assembly is aware of its prior enactments and of decisions of the courts when enacting legislation. Carter, 279

---

[1] The parties agreed that the $95,773.83 in back pay was the cumulative difference in Mr. Hayes's salary for the period from September 1, 2002 to January 30, 2007.

[2] The Court of Appeals correctly noted that although the trial court held a constitutional conflict existed between the 2000 private act and the 2001 amendment to Tennessee Code Annotated section 8-24-102, "the issue of whether the private act was unconstitutional was not properly raised in the trial court." Hayes, 2008 WL 1891444, at *3. The Court of Appeals did not pass on the constitutionality of the 2000 private act, and that issue is not before this Court.

S.W.3d at 564.

As noted, Mr. Hayes argues that the General Assembly's 2001 amendment to Tennessee Code Annotated section 8-24-102, establishing statewide salaries for county officers, including juvenile court clerks, supersedes the 2000 private act, which Mr. Hayes argues should be held to have been repealed by implication. The general rule is that when "two acts conflict and cannot be reconciled, the prior act will be repealed or amended by implication to the extent of the inconsistency between the two." Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995); State ex rel. Strader v. Word, 508 S.W.2d 539, 547 (Tenn. 1974) (stating that "private acts are held to have been superseded as far as is necessary to give effect to a general statutory plan of statewide applicability"); Southern Constr. Co. v. Halliburton, 258 S.W. 409, 412 (Tenn. 1924) (stating that "[a]lthough a later act may not cover the entire subject-matter of an earlier act, nor purport to provide a new system, if the later act is repugnant and irreconcilable on a particular point, it will operate as a repeal by implication to the extent of the repugnance and conflict").

Repeals by implication, however, are disfavored in Tennessee, and therefore "will be recognized only when no fair and reasonable construction will permit the statutes to stand together." Cronin, 906 S.W.2d at 912. Consequently, a court will hold a later statute to have repealed an earlier statute by implication only when the conflict between the statutes is irreconcilable. Id.; see also English v. Farrar, 332 S.W.2d 215, 220 (Tenn. 1960) ("While . . . repeal by implication is not favored, our many cases so announcing all agree that a later statute will operate as a repeal of an earlier statute, if the repugnance and conflict between them is such that they cannot stand together.") (quoting Hart v. Pierce, 88 S.W.2d 798, 800 (Tenn. 1935)); Knox County Educ. Ass'n v. Knox County Bd. of Educ., 60 S.W.3d 65, 74 (Tenn. Ct. App. 2001) (stating "[a] repeal by implication is found only when a conflict between the acts is inescapable").

Looking at the plain and ordinary meaning of the language employed by the General Assembly in the two statutes at issue here, we are convinced that there is an irreconcilable conflict between the two, and that the later general statutory plan of statewide applicability embodied in the 2001 public act must be held to have superseded and repealed by implication the earlier private act. The private act, Chapter 142 of the Private Acts of 2000, provides in pertinent part as follows:

> Section 4. (a) The juvenile court clerk of Gibson County shall be elected by the qualified voters of Gibson County as provided in this section.
>
> . . . .
>
> (f) The juvenile court clerk appointed and elected . . . shall receive compensation of thirty-two thousand dollars ($32,000) each fiscal year. The juvenile court clerk shall also receive any annual raises given to county employees by the Gibson County Commission.

2000 Tenn. Priv. Acts at 459-60. Chapter 405 of the Public Acts of 2001, amending Tennessee Code

4

Annotated section 8-24-102, provides as follows in relevant part:

Beginning July 1, 2001, general officers[3] *shall receive minimum compensation* per year as follows:

. . . .

County population . . . 35,000 to 49,000[:] General Officers . . . $50,805

. . . .

The county legislative body of each county may increase or decrease compensation of county officials *so long as the compensation is maintained at, or above, the minimum levels established herein.*

2001 Tenn. Pub. Acts at 962-63 (emphasis added). As is readily apparent, the subject matter of the two statutes as pertinent here – the salary of the juvenile court clerk – is identical. The 2000 private act sets the juvenile court clerk's salary at $32,000 plus raises commensurate with those given to other Gibson County employees. The 2001 public act sets the *minimum* salary for the juvenile court clerk at $50,805 for a county with a population of between 35,000 and 49,000 such as Gibson County. "Where two statutes cover the same subject matter, the last enactment repeals the former by implication." Steinhouse v. Neal, 723 S.W.2d 625, 627 (Tenn. 1987).

The language of the 2001 amendment is unambiguous and mandatory. The General Assembly's use of the term "minimum compensation" and its directive that a county must maintain the compensation "at, or above, the minimum levels established herein" make it crystal clear that a county is not allowed to continue paying its general officers less than the minimum established pursuant to an earlier private enactment. The 2000 private act sets the Gibson County juvenile court clerk's salary at an amount significantly lower than the minimum level established by Tennessee Code Annotated section 8-24-102, as amended in 2001, and therefore the statutes are in irreconcilable conflict.

Gibson County relies on the following general principle of statutory construction, as stated by this Court in State v. Safley, 112 S.W.2d 831 (Tenn. 1938):

Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced

---

[3] Tennessee Code Annotated section 8-24-102(a) defines "general officers" to include juvenile court clerks, and it is undisputed that Mr. Hayes is a "general officer" as defined by the statute.

5

therein except the particular one which is the subject of the special provision.

Id. at 833 (quoting Bd. of Park Comm'rs v. City of Nashville, 185 S.W. 694, 698 (Tenn. 1916)). But we believe this general principle to be inapplicable to the statutory conflict in this case, because the Safley Court also stated:

> As a corollary from the doctrine that implied repeals are not favored, it has come to be an established rule in the construction of statutes that a subsequent act, treating a subject in general terms *and not expressly contradicting the provisions of a prior special statute*, is not to be considered as intended to affect the more particular and specific provisions of the earlier act, unless it is absolutely necessary so to construe it in order to give its words any meaning at all.

Id. at 832 (emphasis added) (quoting Henry Campbell Black, Handbook on the Construction and Interpretation of the Laws, 116-17 (1st ed. 1896). In the present case, the general 2001 amendment to Tennessee Code Annotated section 8-24-102 directly contradicts the earlier 2000 private act. If the words of the 2001 public act, "general officers shall receive minimum compensation per year," are to be given any meaning it all, they must be construed to mean that an earlier private act establishing a salary well below the mandated minimum salary for an officer clearly covered by the statute must be superseded and repealed by implication.

## Conclusion

In summary, we hold that there is a direct and irreconcilable conflict between Tennessee Code Annotated section 8-24-102, as amended in 2001, which sets the Gibson County juvenile court clerk's salary at a minimum of $50,805 per year, and the 2000 private act, which sets the salary for the same office at $32,000 plus annual raises commensurate with other Gibson County officials. Consequently, the 2000 private act was repealed by implication with the passage of Chapter 405 of the Public Acts of 2001. The judgment of the Court of Appeals is reversed, the judgment of the trial court is affirmed, and the case is remanded to the trial court for the purpose of calculating and awarding Mr. Hayes additional pay and post-judgment interest accrued since the trial court's entry of its July 25, 2007 order. Because we find no basis for an award of attorney's fees on appeal, Mr. Hayes and Gibson County shall each bear the expense of their attorney's fees on appeal. Costs of appeal are assessed to the Appellee, Gibson County, Tennessee.

_____
SHARON G. LEE, JUSTICE