# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 4, 2010 Session

## JEREMY PAUL HOPKINS, v. BRADLEY COUNTY, TENNESSEE, et al.

**Appeal from the Circuit Court for Bradley County**
**No. V-97-965      Hon. Jeri S. Bryant, Judge by Interchange**

**No. E2010-00832-COA-R9-CV - FILED NOVEMBER 19, 2010**

Plaintiff was incarcerated in jail on an arrest warrant that authorized bail of $1,500.00, which defendants failed to honor until the elapse of a 12 hour period. The Trial Judge held the defendants violated the statute governing the arrest warrant, and that the violation amounted to a constitutional violation entitling the plaintiff to damages. We granted an interlocutory appeal on these two rulings by the Trial Judge. We uphold the Trial Judge's determination that the defendants violated the statute by holding plaintiff for 12 hours before allowing bond, but reverse the Trial Court's holding that plaintiff's constitutional rights were violated and remand the case to the Trial Court.

**Tenn. R. App. P. 9, Appeal; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Thomas E. LeQuire, Chattanooga, Tennessee, for the appellants, Bradley County, Tennessee, Bradley County Sheriff's Dept., Sheriff Tim Gobble, Office Marshall Hicks, Officer John Doe #1, Officer John Doe #2, Officer John Doe #3, Officer John Doe #4, Officer John Doe #5, Officer John Doe #6, Officer John Doe #7, Officer Jane Doe #1 and Officer Jane Doe #2.

Jeffrey A. Miller, Cleveland, Tennessee, for the appellee, Jeremy Paul Hopkins.

# OPINION

Plaintiff sued Bradley County, Tennessee, Bradley County Sheriff's Department, Sheriff Tim Gobble and ten officers of the Bradley County Sheriff's Department, alleging that defendants had wrongly deprived him of his liberty without due process of law pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. He averred that he had presented to the Bradley County Sheriff's Department on December 22, 2006 pursuant to an arrest warrant issued on December 21, 2006. The warrant provided for his release from jail on a $1,500.00 bond, and he claimed that he was willing and able to post the bond but the Sheriff Department officers informed him that, because the allegations against him involved domestic violence, the Department was required to hold him in custody for twelve hours following his arrest before he would be allowed to post bond and be released. He averred that he was held in jail for approximately twelve hours before he was permitted to post bond and be released, and he asked for monetary damages, injunctive relief and a declaratory judgment.

Defendants moved for summary judgment. The defendants set forth undisputed material facts in support of the motion[1]:

1. A Judge issued an arrest warrant for Jeremy Hopkins on December 21, 2006 upon a finding that there was probable cause that Hopkins committed the crime of Domestic Assault in violation of Tenn. Code Ann. § 39-13-111.

2. At the time of issuing of the arrest warrant the Judge set Hopkins' bond at $1,500.00.

3. There were no written findings by the Judge regarding whether Mr. Hopkins should be held for more than twelve hours or released in less than twelve hours.

4. On December 22, 2006, Hopkins turned himself in on the arrest warrant and was detained for approximately twelve hours.

5. While detained, Hopkins spent approximately three hours going through standard booking procedures, spent five hours in a cell and spent approximately four hours sitting in a chair in the lobby of the booking area.

6. Hopkins' claims against the Defendants arise solely from being detained for

---

[1]The Attorney General of Tennessee, an intervenor, also filed a Motion for Summary Judgment later.

approximately twelve hours and are not related to his arrest or events arising after his release on December 23, 2006.

Plaintiff also filed a motion for summary judgment, and the pertinent undisputed material facts set forth by plaintiff in support of the motion are as follows:

1. Mr. Hopkins was arrested by the Sheriff Department employees on December 22, 2006 pursuant to an arrest warrant after he surrendered himself at approximately 7:20 p.m.

2. The warrant set bond at $1,500.00 and expressly stated to release Mr. Hopkins on $1,500.00 bond. No written findings were attached to the warrant and the warrant did not instruct defendants to hold or jail Mr. Hopkins for twelve hours.

3. The Sheriff Department employees refused to take a statement from Mr. Hopkins before he was arrested and held.

4. The Sheriff Department employees refused to allow Mr. Hopkins to post bail until after he had been jailed for twelve hours. He was held by the Department after he was booked or processed for approximately twelve hours beginning on December 22 at about 7:20 p.m. and ending on December 23, 2006 at about 6:24 a.m. Mr. Hopkins had sufficient funds on his person to post bond before he was incarcerated for approximately twelve hours.

5. Mr. Hopkins was never taken to a magistrate, judge or other official prior to being released on bond on December 23, 2006.

6. The Sheriff's Department has a policy, practice or custom of holding all person arrested for alleged domestic violence for a period of twelve hours or until the arrestee can be taken before a magistrate or other official duly authorized to release the arrestee.

7. The alleged domestic assault for which Mr. Hopkins was arrested occurred at or about 8:30 a.m. on December 21, 2006.

Defendants denied plaintiff's statement concerning the Department's policy regarding holding arrestees who are accused of domestic violence for twelve hours before release. Defendants stated that the policy is to hold a person arrested for domestic violence for twelve hours only if there is no written finding by the magistrate to release the person in less time, or hold for more time. If there is such a finding, the Department follows the written

-3-

instructions regarding the amount of time to hold the arrestee.

The cross-motions for summary judgment were heard by the Chancellor, sitting by interchange, and an order was entered that plaintiff's right to due process was violated by the defendants and that there was no violation of his Fourth, Fifth, Eighth or Ninth Amendments. As damages were a factual question, that issue was overruled and saved for trial. The order reflects that the parties stipulated that there are no issue of material fact in dispute, and the Court framed the issue raised in the case as" whether or not the twelve hour hold, as was the policy of the Bradley County Sheriff's Department, was a violation of Plaintiff's due process rights or other rights under the Constitution, or a violation of Tennessee Code Annotated §40-11-150. The Plaintiff also challenges the constitutionality of the statute as written, and a response has been filed by the Attorney General's Office."

First, the Court addressed the question of whether Tenn. Code Ann. § 40-11-150(h) is constitutional. That subsection of the statute provides:

(h)(1) Any offender arrested for the offense of stalking, aggravated stalking or especially aggravated stalking, as defined in § 39-17-315[2], or any criminal offense defined in title 39, chapter 13[3], in which the alleged victim is a victim as defined in § 36-3-601[4], shall not be released within twelve (12) hours of arrest if the magistrate or other official duly authorized to release the offender finds that the offender is a threat to the alleged victim. The official may, however, release the accused in less than twelve (12) hours if the official determines that sufficient time has or will have elapsed for the victim to be protected.
(2) The written findings must be attached to the warrant and shall be preserved as a

---

[2]Tenn. Code Ann. § 39-17-315 (4) provides: "Stalking" means a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

[3]Tenn. Code Ann. 39-13-101 *et seq* lists crimes against the person including assault, criminal homicide, kidnaping, robbery, sexual offenses and invasion of privacy.

[4]Tenn. Code Ann. § 36-3-601 (1) defines domestic abuse as " inflicting, or attempting to inflict, physical injury on an adult or minor by other than accidental means, placing an adult or minor in fear of physical harm, physical restraint, malicious damage to the personal property of the abused party, including inflicting, or attempting to inflict, physical injury on any animal owned, possessed, leased, kept, or held by an adult or minor, or placing an adult or minor in fear of physical harm to any animal owned, possessed, leased, kept, or held by the adult or minor."

permanent part of the record. The arresting officer shall make official note of the time of the arrest in order to establish the beginning of the twelve-hour period provided for in this subsection (h).

Tenn. Code Ann. § 40-11-150(h). The Trial Court concluded that the statute was constitutional as it makes provisions for a hearing and for bail. Based on this finding, the State of Tennessee was dismissed from the suit. This ruling is not an issue on appeal.

The Trial Court then moved on to whether the policy of the Bradley County Sheriff's Department to hold in all domestic violence situations the arrestee for twelve hours was consistent with Tenn. Code Ann. § 40-11-150(h). The Court concluded the Sheriff's Department's policy was based on a misreading of the statute and, therefore, inappropriate. The Court noted that the statute provides only that the arrestee "shall not be released within twelve hours of arrest **if** the <u>Magistrate</u> or <u>other official</u> duly authorized to release the offender **finds** that the offender is <u>a threat</u> to the alleged victim." (Emphasis supplied by the Trial Court). The Trial Court also noted that the same official could find that sufficient time has elapsed for the victim to be protected. The Trial Court went on to observe that in this Hopkins case, there were no written findings, although Tenn. Code Ann. § 40-11-150(h)(2) provides that the written findings must be attached to the warrant and preserved as part of the record. The Trial Court then held that the Sheriff's Department does not have authority to hold the offender for the twelve hour period absent specific findings required by the statute and those specific findings were not made in this case. The Trial Court stated "[t]he statute was not followed, and findings were not made. Without a finding of a threat to the victim, the offender is to be released. Further the bond form to be used in domestic violence cases pursuant to T.C.A. 40-11-150 was not used in this case. . . . Therefore, the policy of the Bradley County Sheriff's Department violates Plaintiff's due process rights when the policy violates the statute."

The Trial Court then addressed whether the application of the Sheriff's Department's twelve hour hold policy created a cause of action for the violation of any civil rights of Mr. Hopkins. The Court stated that to establish a cause of action, plaintiff was required to "show that: 1) the action occurred under color of state law (which he has); 2) the action resulted in a deprivation of a constitutional right; and 3) that this deprivation resulted in a particular injury." The Court rejected the "pre-bail" cases cited by defendants as inapplicable as Hopkins' bail was set. The Trial Court noted that plaintiff was held for a total of nine hours after booking and framed the question "[d]oes Plaintiff have a constitutional right to have his bail accepted immediately?" The Court concluded that Tenn. Code Ann. § 40-11-118(a)

-5-

creates a statutory entitlement to release if bail has been set.[5] The Court then stated without explanation that plaintiff's due process rights were violated but that there was no violation of the Fourth, Fifth, Eighth, or Ninth Amendments, presumably to the United States Constitution. The Court then stated that "since the amount of damages, if any, is a factual question, the Motion for Summary Judgment is overruled on that issue.

Defendants filed a motion to revise judgment and make additional findings of fact and/or application for interlocutory appeal on November 19, 2009.

The Trial Court denied the motion to revise the judgment but granted the motion for an interlocutory appeal, which was granted by this Court. This Court stated that the interlocutory appeal is limited to the two issues stated in petitioners' application for interlocutory Appeal: These issues were stated as:

1. Whether the Trial Court improperly found that the Bradley County Sheriff's Department's hold of Plaintiff violated Tenn. Code Ann.§ 40-11-150?

2. Whether the Trial Court improperly found that Plaintiff's 12 hour hold violated Plaintiff's 14th Amendment Due Process rights"

The review of a trial court's grant of a motion for summary judgment is a question of law and, accordingly, this Court's review of the lower court proceeding is *de novo* with no presumption of correctness given to the trial court's decision. *Marrart v. Almay Realtors, Inc., 259* S.W. 3d 700, 703 (Tenn. 2008).

Appellants take the position that the Sheriff's Department's policy to hold for twelve hours before release on bond all arrestees charged with domestic violence unless a magistrate has made a written determination that the arrestee is not a danger to anyone and can be released within a certain time period that is less than twelve hours is consistent with Tenn. Code Ann. § 40-11-150(h). Thus, appellants contend the Trial Court erred when it held that the Sheriff's Department had violated the terms of that code section.

Resolution of this issue requires statutory construction by this Court, which is a

---

[5] Tenn. Code Ann. § 40-11-118(a) provides: Any defendant for whom bail has been set may execute the bail bond and deposit with the clerk of the court before which the proceeding is pending a sum of money in cash equal to the amount of the bail. Upon depositing this sum, the defendant shall be released from custody subject to the conditions of the bail bond. Bail shall be set as low as the court determines is necessary to reasonably assure the appearance of the defendant as required.

question of law that is reviewed *de novo* with no presumption of correctness by this Court. *Stempa v. Walgreen Co.,* 70 S.W.3d 39, 42 (Tenn. Ct. App. 2001). The Tennessee Supreme Court, in *Hayes v. Gibson County,* 288 S.W.3d 334 (Tenn. 2009), recently restated the well established rules of statutory construction followed by the courts of Tennessee as follows:

> The primary rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. *Walker v. Sunrise Pontiac-GMC Truck, Inc.,* 249 S.W.3d 301, 309 (Tenn. 2008). To that end, we begin by examining the language of the statute. *Curtis v. G.E. Capital Modular Space,* 155 S.W.3d 877, 881 (Tenn.2005). In our examination of statutory language, we must presume that the legislature intended that each word be given full effect. *Lanier v. Rains,* 229 S.W.3d 656, 661 (Tenn.2007). When the language of a statute is ambiguous in that it is subject to varied interpretations producing contrary results, *Walker,* 249 S.W.3d at 309, we construe the statute's meaning by examining "the broader statutory scheme, the history of the legislation, or other sources." *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn.2008). However, when the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *State v. Flemming,* 19 S.W.3d 195, 197 (Tenn.2000); *see also In re Adoption of A.M.H.,* 215 S.W.3d 793, 808 (Tenn.2007) (holding that "where the statutory language is not ambiguous ... the plain and ordinary meaning of the statute must be given effect"). We presume that the General Assembly is aware of its prior enactments and of decisions of the courts when enacting legislation. *Carter* [*v. Bell*]*,* 279 S.W.3d [560], 564 (Tenn. 2009).

*Hayes* at 337.

Tenn. Code Ann. § 40-11-150 in full, through subsection (h), provides the following:

**Determination of risk to victim prior to release; conditional release; discharge of conditions; notification to law enforcement**

(a) In addition to the factors set out in § 40-11-118, in making a decision concerning the amount of bail required for the release of a defendant who is arrested for the offense [domestic violence] . . . the magistrate shall review the facts of the arrest and detention of the defendant and determine whether the defendant is:

(1) A threat to the alleged victim;
(2) A threat to public safety; and
(3) Reasonably likely to appear in court.

(b) Before releasing a person arrested for or charged with an offense specified in subsection (a), or a violation of an order of protection, the magistrate shall make findings on the record, if possible, concerning the determination made in accordance with subsection (a), and shall impose one (1) or more conditions of release or bail on the defendant to protect the alleged victim of any such offense and to ensure the appearance of the defendant at a subsequent court proceeding. The conditions may include:

(1) An order enjoining the defendant from threatening to commit or committing specified offenses against the alleged victim;
(2) An order prohibiting the defendant from harassing, annoying, telephoning, contacting or otherwise communicating with the alleged victim, either directly or indirectly;
(3) An order directing the defendant to vacate or stay away from the home of the alleged victim and to stay away from any other location where the victim is likely to be;
(4) An order prohibiting the defendant from using or possessing a firearm or other weapon specified by the magistrate;
(5) An order prohibiting the defendant from possession or consumption of alcohol or controlled substances; and
(6) Any other order required to protect the safety of the alleged victim and to ensure the appearance of the defendant in court.

(c) Concurrent with the imposition of one (1) or more conditions of release, the magistrate shall:

(1) Issue a written order for conditional release containing the conditions of the release on a form [FN1] prepared by the administrative office of the courts, in consultation with the Tennessee task force against domestic violence, and distributed to judges and magistrates by the administrative office of the courts;
(2) Immediately distribute a copy of the order to the law enforcement agency having custody of the defendant, which agency shall file and maintain the order in the same manner as is done for orders of protection; and
(3) Provide the law enforcement agency with any available information concerning the location of the victim in a manner that protects the safety of the victim.

(d) The law enforcement agency having custody of the defendant shall provide a copy of the conditions to the defendant upon the defendant's release. Failure to provide the defendant with a copy of the conditions of release does not invalidate the conditions if the defendant has notice of such conditions.

(e) If conditions of release are imposed without a hearing, the defendant may request a prompt hearing before the court having jurisdiction of the offense for which the defendant was arrested or is charged to review the conditions. Upon such a request, the court shall hold a prompt hearing to review the conditions.

(f) When a defendant who is arrested for or charged with an offense specified in subsection (a) or with a violation of an order of protection is released from custody, the law enforcement agency having custody of the defendant shall:

(1) Use all reasonable means to immediately notify the victim of the alleged offense of the release and of the address and telephone number of the nearest source of assistance to victims of domestic violence, including, but not limited to, shelters, counseling centers or other appropriate community resources; and

(2) Send the victim at the victim's last known address a copy of any conditions of release. If the victim is present at the time the conditions are imposed, a copy of the conditions may be given to the victim at that time; provided, that failure to furnish the victim a copy of any conditions of release shall not constitute negligence per se by the law enforcement agency.

(g) Release of a defendant who is arrested for or charged with a crime specified in subsection (a) or with a violation of an order of protection shall not be delayed because of the requirements of subsection (f).

**(h)(1) Any offender arrested for the offense of stalking, aggravated stalking or especially aggravated stalking, as defined in § 39-17-315, or any criminal offense defined in title 39, chapter 13, in which the alleged victim is a victim as defined in § 36-3-601, shall not be released within twelve (12) hours of arrest if the magistrate or other official duly authorized to release the offender finds that the offender is a threat to the alleged victim. The official may, however, release the accused in less than twelve (12) hours if the official determines that sufficient time has or will have elapsed for the victim to be protected.**

**(2) The written findings must be attached to the warrant and shall be preserved as a permanent part of the record. The arresting officer shall make official note of the time of the arrest in order to establish the beginning of the twelve-hour period provided for in this subsection (h).** (Emphasis supplied).

Tenn. Code Ann.  40-11-150 (a) - (h).

It is clear, based on reading Tenn. Code Ann. 40-11-150 in its entirety, that it was the

intent of the General Assembly to protect the victims of domestic abuse from additional abuse when the offender is taken into custody. Subsection (a) requires the magistrate who is setting bail to review the facts of the arrest and determine whether the alleged offender poses a threat to the alleged victim of domestic abuse, a threat to public safety and/or whether the offender is likely to appear in court. According to subsection (b), upon a finding that the offender is a threat to the victim, the magistrate is required to make findings on the record, if possible, and must impose one or more conditions of release or bail to protect the alleged victim. The conditions of release or bail are listed in subsection (b). An example of a condition of release is that the magistrate enter an order enjoining the alleged offender from threatening to commit or committing specified offenses against the victim. Subsection (c) provides that in the event conditions of release or bail are imposed under subsection (b), the magistrate must: (1) issue a written order for conditional release containing the conditions of release on a specific form; (2) distribute the order to the law enforcement agency that has custody of the alleged offender; and (3) inform the law enforcement agency of the location of the victim. Subsection (d) imposes an obligation on the part of the law enforcement agency to provide the defendant with a copy of the conditions of release contained in the Order issued by the magistrate. In the event the conditions of release or bail are imposed by the magistrate without a hearing, the alleged offender may request and be granted a prompt hearing under subsection (e). Subsection (f) requires the law enforcement agency to "use all reasonable means to immediately notify the victim of the alleged offense, the release and to provide information to the victim regarding sources of assistance available to victims of domestic violence. The agency is additionally require to send the victim a copy of the conditions of release imposed by the magistrate in the order. Subsection (g) provides that the release of the alleged offender shall not be delayed because of the requirements of subsection (f). Subsection (h), the part of the statute relied on by the trial court, provides that in the event the magistrate has found that the alleged offender is a threat to the victim under subsection (a), the offender shall not be released withing twelve hours of the arrest. However, the magistrate may allow the release of the alleged offender in less than twelve hours from the arrest if the magistrate "determines that sufficient time has or will have elapsed for the victim to be protected." Part (2) of subsection (h) requires that the written findings of the magistrate must be attached to the warrant.

Accordingly, Tenn. Code Ann. § 40-11-150 lays out a comprehensive scheme to be followed by a magistrate when releasing an alleged domestic violence offender. The purpose of the statute is to protect the alleged victim of domestic abuse. The statute likewise provides certain requirements imposed on the law enforcement agency that has custody of the alleged offender. None of the requirements of section 40-11-150 (b) - (h), however, are applicable unless the magistrate has first made the determination that the defendant is a threat to the victim or to public safety or a bail risk pursuant to subsection (a) of the statute. If the magistrate has not made that determination and has not imposed one or more of the

conditions of release provided in subsection (b), none of requirements provided in the subsequent subsections are triggered. Thus, the twelve hour holding period imposed by subsection (h) only applies to an alleged domestic offender who has been found by a magistrate to be a threat to the victim. Thus, the Bradley County Sheriff's Department's policy to hold all alleged domestic violence offenders for twelve hours after arrest whether the magistrate has found them to be a threat to the victim or not was not in accordance with Tenn. Code Ann. § 40-11-150. The Trial Court's holding that the Sheriff's Department had violated the statute is affirmed.

Appellants argue that the Trial Court erred when it held that Mr. Hopkins' right to due process provided by the Fourteenth Amendment of the United States Constitution was violated when the Sheriff's Department held him for twelve hours before allowing him to post bond and be released. This issue has apparently not been considered by Tennessee courts but was addressed by the United States District Court for the Middle District of Tennessee recently in *Tate v. Hartsville/Trousdale County*, No. 3:09-0201, 2010 WL 4054141 (M.D. Tenn. Oct. 14, 2010).[6] In *Tate* the Court held that "being held for twelve hours before being released on bail does not automatically constitute a constitutional violation under either Eighth or Fourteenth Amendments. *Id*. at *8. We find the analysis in that case to be very persuasive.

The facts of *Tate* are similar to the facts of *Hopkins*. Plaintiff William Tate was arrested in Trousdale County, Tennessee on aggravated and domestic assault charges. The arrest warrant was issued by two Judicial Commissioners for Trousdale County. *Id.* at *1. The Commissioners set bond at $2,000.00 but, because the charges included domestic assault, plaintiff was prohibited from posting bond for approximately twelve hours. The Commissioners explained that they believed that domestic assault arrestees are to be placed on a 12-hour hold which serves as a "cooling-down" period. Within twelve hours of being arrested, plaintiff posted bond and was released from jail. *Id*. at *2. Plaintiff filed suit in federal district court pursuant to 42 U.S.C. § 1983 against Hartsville/Trousdale County claiming the defendants violated his rights provided by the Eighth and Fourteenth Amendments of the United States Constitution, by failing to have bail set on an individualized basis and narrowly tailored to address the issue of likelihood to flee and danger to the community if released.

First, the Court considered plaintiff's claims of a violation of his rights to be free from excessive bail under the Eight Amendment and concluded for several reasons that plaintiff could not survive summary judgment on this claim. *Id.* at * 5 - 7. The *Tate* court's

---

[6] This case was decided after the parties briefs were submitted but ten days before oral arguments were made.

discussion on this issue is not applicable to Hopkins.

Tate also claimed that his constitutional rights were violated because he was held twelve hours after booking before he was allowed to post bond. Plaintiff argued that the commissioners' interpretation of the law, Tenn. Code Ann. 40-11-150 (h), was wrong. However, the district court stated that whether the commissioners properly understood the statute is not outcome determinative since "[t]he Constitution does not require states to administer their laws correctly" and "it is not appropriate for a federal court, hearing a case under § 1983, to upbraid state officials for a supposed error of state law." The court noted that "[b]lunders in the implementation of state law are inevitable; state courts provide the remedy." *Id*. at * 7-8. (citing *Burgess v. Ryan,* 996 F.2d 180, 184 (7th Cir.1993).

The District Court then returned to the question of whether Tate's federal constitutional rights were violated when he was held for twelve hours. The Court stated as follows:

> The [U.S.] Supreme Court has recognized that probable cause decisions must be made promptly, but has also recognized that states should be given enough time to combine such hearings with other preliminary procedures, including bail determinations. Thus, in *City of Riverside v. McLaughlin,* 500 U.S. 44, 56, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), the Supreme Court held that jurisdictions which provide probable cause hearings within forty-eight hours will generally be "immune from systemic challenges." *Id.* at 55. "The clear import of *McLaughlin,* then, is that a bail hearing held within 48 hours of a warrantless arrest is also presumptively constitutional-if indeed the Constitution speaks to that issue." *Holder v. Town of Newton,* 2010 WL 432357 at ----10-11 (D.N.H.2010).
>
> Given that a bail hearing may be delayed up to forty-eight hours absent some improper motive, the Court finds that a 12-hour delay in releasing Plaintiff in this case did not amount to a constitutional deprivation. At most, Plaintiff has shown Commissioner Puckett allegedly to be negligent in his understanding of Tennessee law, but "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams,* 474 U.S. 327, 328 (1986). Moreover, being held for twelve hours before being released on bail does not automatically constitute a constitutional violation. *See, Turner v. City of Taylor,* 412 F.3d 629, 639 (6th Cir.2005) (city's "official policy of holding domestic violence arrestees for a minimum period of 20 hours unless arraigned and released by the court" is not unconstitutional); *Lund v. Hennepin County,* 427 F.3d 1123, 1126-28 (8th Cir.2005) (no due process violation where defendant was held for twelve hours after judge ordered that defendant could be released with no bail); *Collins v. Ainsworth,* 382 F.3d 529, 545 (5th Cir.2004) ("There

is no right to post bail within 24 hours of arrest"); *Holder,* 2010 WL 432357 at * 11 (where nine hours passed between defendant's arrest and subsequent release, that was "well within the 48-hour window [of *McLaughlin* ] and thus presumptively constitutional").

*Id.* at *8.

The District Court concluded that Tate had failed to establish a triable issue on his claims that Defendant violated his rights under the Eighth or Fourteenth Amendments. *Id.* at *8.

In this regard, we hold that the Due Process Clause of the Fourteenth Amendment is "simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Tate at *8 (citing *Daniels v. Williams,* 474 U.S. 327, 328 (1986). The Bradley County Sheriff's Department obviously misconstrued the meaning of Tenn. Code Ann. § 40-11-150(h) and held Mr. Hopkins for twelve hours. However, under the reasoning of *Tate* and U.S. Supreme Court decisions, this mistake or negligent act is not a violation of Hopkins' due process rights. Moreover, as the federal cases hold*,* the fact that Hopkins was held for twelve hours before being released on bail did not automatically constitute a constitutional violation.

We hold the Trial Court was correct when it held that the Bradley County Sheriff's Department had violated Tenn. Code Ann. § 40-11-150. However, violation of the statute did not deprive Mr. Hopkins of his due process rights under the Fourteenth Amendment of the United States Constitution.

We affirm the Trial Court's holding in part and reverse in part, and remand this case to the Trial Court. The cost of the appeal is assessed one-half to plaintiff and one-half to defendants.

_____
HERSCHEL PICKENS FRANKS, P.J.

-13-