IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 10, 2014

## CITY OF KNOXVILLE v. CARLOS GEOVANNY PONCE-CARPIO

**Appeal from the Circuit Court for Knox County**
**No. 164611     Dale C. Workman, Judge**

---

**No. E2014-00316-COA-R3-CV-FILED-FEBRUARY 25, 2015**

---

In this appeal, the owner of a bar sought review of a citation he received for failure to display a beer permit.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

A. Philip Lomonaco, Knoxville, Tennessee, for the appellant, Carlos Geovanny Ponce-Carpio.

Alyson A. Eberting, Knoxville, Tennessee, for the appellee, City of Knoxville.

**OPINION**

**I.  BACKGROUND**

The appellant, Carlos Geovanny Ponce-Carpio ("Owner"), was the owner of the Copa Cabana Sports Bar and Night Club, LLC d/b/a Copa Cabana, located at 2619 Chapman Highway in Knoxville, Tennessee.  On October 28, 2011, Owner was cited by Police Officer Michael Price of the Knoxville Police Department's Inspections Unit for violating section 4-70 of the Knoxville City Code in failing to have the club's beer permit posted in a conspicuous location.  Owner had been issued a beer permit on August 26, 2008.

The permit on its face states that "[t]his document must be displayed in a conspicuous place as proof that appropriate Beer Board action was taken granting a permit and a valid permit exists." Specifically, Knoxville City Code, section 4-70 provides:

**Sec. 4-70. Display.**

Each holder of a beer permit issued pursuant to the provisions of this article shall display and keep displayed such permit in a conspicuous place on the premises where he is authorized by that permit to conduct business.

On October 28, 2011, the Knox County District Attorney's Office issued a nuisance petition for the Copa Cabana to be shut down. Thereafter, a number of representatives from the District Attorney's office as well as Officer Price and other police officers traveled to the club to initiate the directives of the petition. Upon their arrival, a number of employees of the club were preparing for a concert to be held that evening at the establishment. Officer Price entered the premises in order to seize Copa Cabana's beer permit, but he was unable to locate it. On previous visits, he had viewed the permit posted on the wall near the club's entrance. However, it was not posted on this occasion. After a search, the permit was located on a desk in a back office under a large stack of paperwork. The record before us reveals that an employee reported the beer permit had been off the wall for several days. Officer Price thereafter seized the permit to close the club as directed by the nuisance petition.

Citation A466704 concerning the violation of Knoxville City Code section 4-70 was initially heard in Municipal Court on November 10, 2011. Owner was found guilty and subsequently appealed the matter to Circuit Court, where a de novo trial was held on February 10, 2014.

Owner's defense is that the club had no customers at the time of the raid and was not open. He contends the officer could only inspect when the establishment was open for business. Owner acknowledges that if the club had been open with customers and no permit was posted, the citation would have been proper. The City contends the uncontroverted evidence reveals that the beer permit had not been posted in a conspicuous place for several days, and, according to the testimony of Officer Price, the permit was found in a back office under a pile of documents on a desk. The City asserts the club was accessible to receive deliveries of food and drink, including beer, even when it was not "open" to customers. According to the City, Owner's argument is contrary to the express language set forth in section 4-70 that the permit holder "shall display and keep displayed" the permit in "a

conspicuous place on the premises . . . ." The City observes that while customers may not have been in the club at that time, employees were present. Further, as noted by one employee, one reason the beer permit needed to be conspicuously posted was so persons making beer deliveries would know the club had a lawful permit.

The trial court ruled in the City's favor and ordered Owner to pay a $10 fine and all court costs. This timely filed appeal ensued.


## II. ISSUE

We restate the issue raised on appeal by Owner as follows:

Whether a beer permit must be displayed conspicuously during non-business hours.


## III. STANDARD OF REVIEW

We review the trial court's findings of fact de novo with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). However, no presumption of correctness attaches to the trial court's conclusions of law and our review is de novo. *Blair v. Brownson*, 197 S.W.3d 681, 684 (Tenn. 2006) (citing *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000)).

This appeal concerns the construction and interpretation of a municipal code provision. Questions regarding the interpretation and application of statutes to undisputed facts are issues of law; as such, they are reviewed de novo, with no presumption of the correctness in the trial court's conclusions. *U .S. Bank N.A. v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386 (Tenn. 2009). In determining the proper interpretation to be given to a statute, we apply the following rules of statutory construction:

> Our role is to determine legislative intent and to effectuate legislative purpose. [*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010)]; *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). The text of the statute is of primary importance, and the words must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose. *See Lee Med., Inc.*, 312 S.W.3d at 526; *Hayes v. Gibson Cnty.*, 288 S.W.3d 334, 337 (Tenn. 2009); *Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008). When the language of the statute

is clear and unambiguous, courts look no farther to ascertain its meaning. *See Lee Med., Inc.*, 312 S.W.3d at 527; *Green v. Green*, 293 S.W.3d 493, 507 (Tenn. 2009). When necessary to resolve a statutory ambiguity or conflict, courts may consider matters beyond the statutory text, including public policy, historical facts relevant to the enactment of the statute, the background and purpose of the statute, and the entire statutory scheme. *Lee Med., Inc.*, 312 S.W.3d at 527–28. However, these non-codified external sources "cannot provide a basis for departing from clear codified statutory provisions." *Id.* at 528.

*Mills v. Fulmarque*, 360 S.W.3d 362, 368 (Tenn. 2012).

## IV. DISCUSSION

In this appeal, Owner claims the facts do not support the trial court's finding that Owner violated the code provision because the business was closed to customers at the time the police officer discovered the beer permit was not properly posted. Owner suggests the permit had been removed from the wall for an innocent purpose such as cleaning or that it had fallen.

In this case, Knoxville City Code section 4-70 clearly and unambiguously requires a holder of a beer permit to display the permit in a conspicuous place and keep it displayed. Under the facts of this case, the permit was not displayed at the time Officer Price entered the establishment. According to the uncontroverted testimony at trial, the permit had been off the wall for several days. Further, when it was found, it was not in a conspicuous place. Knoxville City Code section 4-70 contains no language requiring the business be open to customers for it to be applicable. On the contrary, one of the reasons for having to post the beer permit at all times is to provide proof to beer distributors -- who usually arrive when club patrons are not on the premises -- that an establishment has a lawful permit.

Given the language set forth in Knoxville City Code section 4-70 and the fact that Owner presented no evidence to support his contention that a business had to be open to customers in order for the code provision to apply, the trial court correctly determined that a violation occurred.

## V. CONCLUSION

The judgment of the trial court is affirmed. This cause is remanded to the trial court

for further proceedings as are necessary and consistent with this opinion. Costs of this appeal are assessed to the appellant, Carlos G. Ponce-Carpio.

_____

JOHN W. McCLARTY, JUDGE