IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 27, 2021 Session

**STATE OF TENNESSEE v. STEPHEN JACOB MCKINNEY**

**Appeal from the Criminal Court for Hamilton County**
**No. 308197   Thomas C. Greenholtz, Judge**

————————————————————

**No. E2020-01730-CCA-R3-CD**

————————————————————

The Defendant, Stephen Jacob McKinney, pled guilty in the Hamilton County Criminal Court to vehicular homicide by intoxication, a Class B felony, in exchange for an eight-year sentence with the method and manner of service to be left to the trial court's determination.  Following a sentencing hearing, the trial court concluded that the Defendant was ineligible for probation pursuant to Tennessee Code Annotated section 40-35-303(a), which includes vehicular homicide by intoxication as one of the conviction offenses for which probation is not available.  The trial court, therefore, sentenced the Defendant as a Range I, standard offender to eight years in the Department of Correction at thirty percent release eligibility.  On appeal, the Defendant argues that the trial court erred by not construing Tennessee Code Annotated section 40-35-303(a) in conjunction with Tennessee Code Annotated section 39-13-213(b)(2)(B), which provides that a defendant convicted of a first offense vehicular homicide by intoxication must serve a mandatory minimum sentence of forty-eight hours of incarceration before release from confinement on probation. The Defendant contends that the statutes are not in conflict if the release from confinement in the vehicular homicide statute is interpreted as release on parole.  Based on our review, we conclude that the clearly worded intent of the legislature, as expressed in Tennessee Code Annotated section 40-35-303(a), was to remove vehicular homicide by intoxication as an offense for which probation is available.  Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JILL BARTEE AYERS, JJ., joined.

Clancy J. Covert, Chattanooga, Tennessee, for the appellant, Stephen Jacob McKinney.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Neal Pinkston, District Attorney General; and Chris Post, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## FACTUAL BACKGROUND

This case arises out of the severely intoxicated Defendant's May 12, 2019 single-vehicle crash that resulted in the death of his passenger, Brent Johnson. After a night of drinking that continued into the early morning hours of the next day, the Defendant lost control of his pickup truck, crossed to the opposite side of the divided roadway, and eventually struck a tree, causing the death of the victim. The Defendant was transported to the hospital, where his blood alcohol level tested as .285. He was subsequently indicted by the Hamilton County Grand Jury with vehicular homicide by intoxication, failure to maintain his lane, and two counts of DUI.

On October 7, 2020, the Defendant pled guilty to vehicular homicide by intoxication in exchange for an eight-year sentence, with the method and manner of service left to the trial court's later determination. Pursuant to the terms of his negotiated guilty plea, the remaining counts of the indictment were dismissed.

A number of witnesses testified at the sentencing hearing, including the victim's family members, who described the devastating impact the victim's death had on everyone in the family, and the Defendant and his family members, who testified about the Defendant's good character and his remorse for his actions.

After a thorough analysis of the threshold issue of whether the relevant subsections of the probation and vehicular homicide statutes could be reconciled, the trial court concluded that they could not. The court further concluded that the plain language of the later-enacted amendment, Tennessee Code Annotated section 40-35-303(a), precluded probation for the offense of vehicular homicide by intoxication. The trial court, therefore, sentenced the Defendant to serve his eight-year sentence in the Department of Correction, with the loss of his driver's license for a period of five years. Thereafter, the Defendant filed a timely appeal to this court.

## ANALYSIS

On appeal, the Defendant contends that the trial court erred in interpreting the statutes to require that he serve his agreed-upon eight-year sentence in the Department of Correction. Relying on Black's Law Dictionary's definition of parole as including release from jail, he argues that the statutes can be read harmoniously by construing the release

from confinement in the vehicular homicide statute as release on parole following a mandatory minimum jail sentence. Thus, according to the Defendant, "a clear and plain reading of both statutes taken together clearly and unequivocally satisfies both statutes because a mandatory jail sentence under T.C.A. § 39-13-213(a)(2) of 48 hours before release 'from confinement' is required and as a result of the jail requirement, the sentence is not one that is probation only." The Defendant asserts that the two statutes "are further reconciled by the 'release' language contained in the statute following incarceration because the jail sentence and 'release' should not be to probation but instead should be on parole and the terms and conditions set forth by a parole order."

The State responds by arguing that the two statutes can be read harmoniously because the vehicular homicide statute specifically "contemplates probation eligibility . . . within the bounds of T.C.A. § 40-35-303 [,]" stating that a defendant "shall not be eligible for release from confinement on probation <u>pursuant to § 40-35-303</u> until the person has served the entire forty-eight-hour minimum mandatory sentence." Tenn. Code Ann. § 39-13-213 (b)(2)(B) (emphasis added). The State argues that this interpretation "gives full effect to the intent of the legislature in amending the probation statute to explicitly say that those convicted of vehicular homicide [by intoxication] are ineligible for probation." To the extent that the two statutes cannot be read in harmony, the State argues that Tennessee Code Annotated section 40-35-303, as the later enacted statute, should be given primacy.

We review issues of statutory construction, which present questions of law, de novo without a presumption of correctness given to the trial court's interpretation. <u>State v. Welch</u>, 595 S.W.3d 615, 621 (Tenn. 2020); <u>Wallace v. Metropolitan Government of Nashville</u>, 546 S.W.3d 47, 52 (Tenn. 2018). "Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." <u>Walker v. Sunrise Pontiac-GMC Truck, Inc.</u>, 249 S.W.3d 301, 309 (Tenn. 2008) (internal quotations and citations omitted). As our supreme court has explained:

> Legislative intent is first and foremost reflected in the language of the statute. We presume that the Legislature intended each word in a statute to have a specific purpose and meaning. The words used in a statute are to be given their natural and ordinary meaning, and, because words are known by the company they keep, we construe them in the context in which they appear and in light of the general purpose of the statute. We endeavor to construe statutes in a reasonable manner which avoids statutory conflict and provides for harmonious operation of the laws.

<u>Wallace</u>, 546 S.W. 2d at 52 (internal quotations and citations omitted).

- 3 -

"Where a conflict is presented between two statutes, a more specific statutory provision takes precedence over a more general provision." Graham v. Caples, 325 S.W.3d, 578, 582 (Tenn. 2010) (citation omitted). "'A construction which places one statute in conflict with another must be avoided; therefore, we resolve any possible conflict between statutes in favor of each other, so as to provide a harmonious operation of the laws.'" Id. (quoting Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995)). We presume that the legislature is aware of prior statutes and the state of the law when it enacts legislation, Hayes v. Gibson County, 288 S.W. 3d 334, 337 (Tenn. 2009) (citation omitted), and "[w]hen the legislature makes a change in the language of a statute, we must assume that it was deliberate." State v. Turner, 193 S.W.3d 522, 527 (Tenn. 2006) (citation omitted). "The general rule is that when 'two acts conflict and cannot be reconciled, the prior act will be repealed or amended by implication to the extent of the inconsistency between the two.'" Hayes, 288 S.W.3d at 337 (quoting Cronin, 906 S.W.2d at 912). Finally, in construing statutes, we are guided by the principle that we must avoid a construction that leads to an absurd result. Welch, 595 S.W. 3d at 621 (citing Tennessean v. Metro. Gov't of Nashville, 485 S.W.3d 857, 872 (Tenn. 2016)).

With these above principles in mind, we turn now to an analysis of the statutes. The Defendant pled guilty to a violation of Tennessee Code Annotated section 39-13-213 (a)(2), vehicular homicide by intoxication. The probation statute provides in pertinent part:

> A defendant shall be eligible for probation under this chapter if the sentence actually imposed upon the defendant is ten (10) years or less; however, no defendant shall be eligible for probation under this chapter if convicted of a violation of § 39-13-213(a)(2), § 39-13-304, § 39-13-402, § 39-13-504, § 39-13-532, § 39-15-402, § 39-17-417(b) or (i), § 39-17-1003, § 39-17-1004 or § 39-17-1005. A defendant shall also be eligible for probation pursuant to § 40-36-106(e)(3).

Tenn. Code Ann. § 40-35-303 (a) (emphasis added). The inclusion of vehicular homicide by intoxication in the list of probation ineligible offenses was made pursuant to a 2016 amendment to the statute, with an effective date of January 1, 2017. See Tenn. Code Ann. § 40-35-303 (Supp. 2017), Compiler's Notes ("The 2016 amendment by ch. 1021, effective January 1, 2017, inserted '§ 39-13-213(a)(2)' in the first sentence of (a)."). The vehicular homicide statute, by contrast, provides that

> Any sentence imposed for a first violation of subdivision (a)(2) shall include a mandatory minimum sentence of forty-eight (48) consecutive hours of incarceration. The person shall not be eligible for release from confinement on probation pursuant to § 40-35-303 until the person has served the entire forty-eight-hour minimum mandatory sentence.

Tenn. Code Ann. § 39-13-213 (b)(2)(B). The mandatory minimum sentences for vehicular homicide by intoxication were added in a 2015 amendment. See Tenn. Code Ann. § 39-13-213 (Supp. 2015), Compiler's notes.

We agree with the State that the Legislature's intent to make a defendant convicted of vehicular homicide by intoxication ineligible for probation is clearly and unambiguously expressed in the language of the amendment to the probation statute, which was enacted after the amendment to the vehicular homicide statute setting forth the mandatory minimum sentences for defendants convicted of vehicular homicide by intoxication. We also agree with the State that the language in Tennessee Code Annotated section 39-13-213(b)(2) concerning the mandatory minimum sentences required before release to probation does not directly conflict with the probation statute because of its provision that any release on probation is to be pursuant to the probation statute.

The practical effect of the amendment to the probation statute, however, is that a defendant convicted of vehicular homicide by intoxication will never be eligible for release on probation. Thus, to the extent that the two statutes cannot be reconciled, we conclude that the amendment to the probation statute repeals by implication the conflicting provisions of the vehicular homicide statute concerning probation eligibility for a defendant convicted of vehicular homicide by intoxication. See, e.g., Chartis Casualty Company v. State, 475 S.W.3d 240, 246 (Tenn. 2015) ("Although repeal by implication is not favored . . . this doctrine does apply when a more recent, more specific statute is irreconcilable with a former statute on the same subject."); Hayes, 288 S.W.3d at 338 (observing that a later statute will repeal by implication a prior one when the conflict between the two is inescapable). We reject the Defendant's interpretation of "release from probation" as essentially a "release on parole" as a forced interpretation that ignores the plain language of the statutes. Accordingly, we affirm the judgment of the trial court.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE