IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 25, 2014 Session

## CIRCLE C CONSTRUCTION, LLC v. D. SEAN NILSEN, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13C1465    Hamilton V. Gayden, Jr., Judge**

—

**No. M2013-02330-COA-R3-CV - Filed July 29, 2014**

—

The issue in this case is whether a tolling agreement between the parties precludes the application of the savings statute set forth in Tenn. Code Ann. § 28-1-105(a). We agree with the trial court that the tolling agreement does preclude application of the savings statute and that the plaintiff's legal malpractice action is barred by the termination date established in the agreement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and VANESSA AGEE JACKSON, SP. J., joined.

Timothy W. Burrow, Nashville, Tennessee, for the appellant, Circle C Construction.

Darrell G. Townsend, Nashville, Tennessee, for the appellees, D. Sean Nilsen, et al.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

The defendants in this case, D. Sean Nilsen, C. Dean Furman, and Furman, Nilsen & Lomond, PLLC (collectively "Nilsen"), provided legal representation for the plaintiff, Circle C Construction, LLC ("Circle C"), in the case of *United States of America ex rel. Brian Wall v. Circle C Construction, LLC*, No. 3:07-0091 (M.D. Tenn.), a case brought under the False Claims Act. The United States alleged that Circle C violated the False Claims Act, 31 U.S.C. § 3729(a)(2), in its actions under a contract with the army to construct buildings at Fort Campbell Military Base. On March 15, 2010, the federal court granted the government's

motion for summary judgment and found Circle C liable in the amount of $1,661,423.13. Circle C appealed to the Sixth Circuit.

Circle C maintains that Nilsen was negligent in its representation of Circle C in the federal false claims action. On November 30, 2010, Circle C and Nilsen entered into a tolling agreement, which includes the following pertinent provisions:

WHEREAS, Plaintiff [Circle C] believes the deadline for Plaintiff to file legal action against Defendants [Nilsen] for professional negligence is March 15, 2011,[1] the date the federal Court entered Judgment against Circle C. Construction, LLC ("Filing Deadline");

WHEREAS, the Parties desire to extend the Filing Deadline without prejudicing Plaintiff's rights to assert claims and without waiving or releasing in any manner any defenses of any kind that Defendant or any other potential party defendant may have to those claims as of the date of this Agreement; and

WHEREAS, the Parties understand that Circle C Construction, LLC desires to wait for the decision of the U.S. Court of Appeals before it decides whether to sue defendants for legal malpractice, the determination of which shall be solely that of Circle C Construction, LLC.

THEREFORE, in consideration of the mutual promises stated in this Agreement, the Parties agree as follows:

1. The Parties agree that the Filing Deadline shall be tolled so that the statute of limitations will not expire until a period of One Hundred Twenty (120) days after the United States Court of Appeals from the 6th Circuit has issued an opinion resolving all issues raised in the United States of America, *ex rel.* Brian Wall versus Circle C Construction, LLC, Appeal No. 10-5645 ("Termination Date"). If Plaintiff desires to assert claims for professional negligence, it must do so on or before the Termination Date.

. . .

3. Nothing in this Agreement, or in the circumstances that gave rise to this Agreement, shall be construed as an acknowledgment by any Party that any claim exists or that any claim has been barred, has not been barred, or will be

---

[1]This deadline is one year from the date of the federal court judgment.

2

barred by the statute of limitations, statute of repose, laches, waiver, estoppel, or any other defense based on the passage of time.

. . .

5. This Agreement comprises the entire agreement of the Parties with respect to the matters addressed herein.

On September 21, 2011, Circle C filed suit against Nilsen for legal malpractice. Circle C filed a notice of voluntary dismissal on April 13, 2012, and an order of voluntary dismissal was entered on April 16, 2012.

The Sixth Circuit entered its opinion in the case of *United States of America ex rel. Brian Wall v. Circle C Construction, LLC*, on October 1, 2012. The Court affirmed the district court's judgment with regard to liability, but reversed the award of damages and remanded for a hearing to recalculate the amount of damages.

Circle C filed the instant lawsuit on April 8, 2013, asserting claims for legal malpractice in the case of *United States of America ex rel. Brian Wall v. Circle C Construction, LLC*. Nilsen responded with a motion for summary judgment asserting that Circle C's claims were time-barred by the contractual limitation period in the tolling agreement. In support of this motion, Nilsen submitted the affidavit of Sean Nilsen. Circle C opposed the motion for summary judgment and submitted the affidavits of John Cates, an owner of Circle C who signed the tolling agreement on behalf of Circle C, and of Barry Weathers, an attorney retained by Circle C to evaluate a potential claim for legal malpractice against Nilsen. Nilsen submitted a supplemental affidavit of Sean Nilsen with its reply.

Nilsen's motion for summary judgment was heard on August 30, 2013. On September 18, 2013, the trial court entered an order granting Nilsen's motion. Circle C subsequently filed a motion asking the court to make additional findings of fact; the trial court denied this motion in an order entered on November 13, 2013.

On appeal, Circle C has asserted numerous issues, most of which relate to the question of whether the trial court erred in granting summary judgment to Nilsen and in interpreting the tolling agreement as precluding application of the savings statute. Circle C also makes the argument that the trial court erred in finding that the Sixth Circuit's decision resolved all issues in the case so as to trigger the running of the 120 days until the termination date.

STANDARD OF REVIEW

This appeal arises from the trial court's grant of summary judgment. A motion for

3

summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Tennessee's General Assembly has enacted Tenn. Code Ann. § 20-16-101, which is intended to "return the summary judgment burden-shifting analytical framework to that which existed prior to *Hannan* [*v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008)]." *Coleman v. S. Tenn. Oil Inc.*, No. M2011-01329-COA-R3-CV, 2012 WL 2628617, at *5 n.3 (Tenn. Ct. App. July 5, 2012). Tennessee Code Annotated section 20-16-101 applies "to actions filed" on or after July 1, 2011. 2011 TENN. PUB. ACTS ch. 498. As this action was filed on April 8, 2013, the new statute applies.

Tennessee Code Annotated section 20-16-101 provides:

[T]he moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). When reviewing the evidence presented in support of, and in opposition to, a motion for summary judgment, we view "the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party." *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 34464 (Tenn. 2009).

The construction of a statute is a question of law. *Lee v. Franklin Special Sch. Dist. Bd. of Educ.*, 237 S.W.3d 322, 332 (Tenn. Ct. App. 2007). The standard of review is de novo. *Id.*

ANALYSIS

(1)

The issue of whether the trial court correctly held that this case was barred by the termination date established in the tolling agreement turns upon the interpretation of the

tolling agreement and Tenn. Code Ann. § 28-1-105(a).[2]

Tolling agreements are governed by contract law, "and their interpretation requires the court to ascertain the intent of the parties." *Tenn-Fla Partners v. Shelton*, 233 S.W.3d 825, 829 (2007). If the contract terms are unambiguous, "the meaning thereof is a question of law, and it is the Court's function to interpret the contract as written according to its plain terms." *Id.* An unambiguous contract must be interpreted as written "rather than according to the unexpressed intention of one of the parties." *Id.* Only if the terms of the contract are ambiguous may parol evidence be admitted. *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 512 (Tenn. 2001); *Jones v. Brooks*, 696 S.W.2d 885, 886 (Tenn. 1985).

In this case, the language of paragraph one of the tolling agreement is plain and unambiguous:

> The Parties agree that the Filing Deadline shall be tolled so that the statute of limitations will not expire until a period of One Hundred Twenty (120) days after the United States Court of Appeals from the 6th Circuit has issued an opinion resolving all issues raised in the United States of America, *ex rel.* Brian Wall versus Circle C Construction, LLC, Appeal No. 10-5645. ("Termination Date"). *If Plaintiff desires to assert claims for professional negligence, it must do so on or before the Termination Date.*

(Emphasis added). The language of the last sentence of paragraph one is mandatory and does not contain any exceptions.

We find no merit in Circle C's arguments that other provisions of the tolling agreement create limitations or exceptions to the final sentence of paragraph one. Circle C points to the "whereas clause" that states that the parties desired "to extend the Filing Deadline *without prejudicing Plaintiff's rights to assert claims* and without waiving or releasing in any manner any defenses of any kind that Defendant . . . may have to those claims as of the date of this Agreement." (Emphasis added). This aspirational language reflects the parties' desire to preserve the plaintiff's claims *and the defendant's defenses* (which include the statute of limitations) as of the time of the agreement. This general language does not override the specific time limit for bringing claims agreed upon by the parties.

The second provision emphasized by Circle C is paragraph three: "Nothing in this Agreement . . . shall be construed as an acknowledgment by any Party that any claim exists

---

[2]The parties agree that Tenn. Code Ann.§ 28-1-105(b) does not apply here.

5

or that any claim has been barred, has not been barred, or will be barred by the statute of limitations, statute of repose, laches, waiver, estoppel, or any other defense based on the passage of time." This paragraph makes clear that the parties are not, by the tolling agreement, acknowledging the existence of any claim or the barring of any claim due to any defense "based on the passage of time." We see nothing in this paragraph that changes or limits the agreement of the parties in paragraph one. Paragraph three indicates that the statute of limitations to which the parties are agreeing does not constitute an acknowledgment of any claim or defense.

Circle C asserts that the trial court erred in relying upon the case of *Kosloff v. State Farm Auto. Mut. Ins. Co.*, No. 89-152-II, 1989 WL 144006, at *1 (Tenn. Ct. App. Dec. 1, 1989), which involved an insurance policy that contained its own deadline for filing suit. As to the effect of the savings statute, the court relied upon *Guthrie v. Connecticut Indemnity Association*, 49 S.W. 829, 830 (Tenn. 1899), for the proposition that the savings statute applied to statutory, not to contractual, limitations. *Kosloff*, 1989 WL 144006, at *4. All of Ms. Kosloff's claims against the insurance company were barred by the policy restrictions. *Id.* at *5. The court went on to hold, however, that the time restrictions in the insurance contract had no application to claims made against the insurance agent. *Id.* at *6.

As the *Kosloff* court noted, the legislature enacted subsection (b)[3] of Tenn. Code Ann. § 28-5-105 in 1989 "to soften the impact of the *Guthrie* and *Schultz v. Hartford Mut. Ins. Co.*[, 776 S.W.2d 76 (Tenn. Ct. App. 1987] decisions." *Id.* at *4. But subsection (b) took effect after the facts at issue in *Kosloff*. *Id.* The court, therefore, relied upon the law in existence at the time of the insurance policies and voluntary nonsuit in that case. *Id.*

In the present case, the trial court cited *Kosloff* to support its conclusion that the tolling agreement "was unambiguous and contained both the contract and professional negligence binders, and therefore the suit was not filed within 120 days after the federal court of appeals disposed of the case on the issues." The trial court relied upon *Kosloff* for basic propositions of law that remain valid. *See Shelton*, 233 S.W.3d at 829 (setting out principles of Tennessee law applicable to the construction of a tolling agreement). The trial court did not analogize the facts of the present case to the facts in *Kosloff*. We find no error here.

We must also examine the terms of Tenn. Code Ann. § 28-1-105(a) to determine whether the savings statute applies to a deadline for filing suit established in a tolling agreement. When construing a statute, a court must "ascertain and give effect to the

---

[3]Tenn. Code Ann. § 28-1-105(b) provides for application of the savings provisions to a "contract which limits the time within which an action *arising out of such contract* must be brought." (Emphasis added).

legislature's intent." *Home Builders Ass'n of Middle Tenn. v. Williamson Cnty.*, 304 S.W.3d 812, 817 (Tenn. 2010). Ordinarily, we derive this legislative intent "'from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" *Id.* (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). If the language of a statute is ambiguous, we "construe the statute's meaning by examining 'the broader statutory scheme, the history of the legislation, or other sources.'" *Hayes v. Gibson Cnty.*, 288 S.W.3d 334, 337 (Tenn. 2009) (quoting *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008)).

Subsection (a) of Tenn. Code Ann. § 28-1-105 applies "[i]f the action is commenced within the time limited by a rule or statute of limitation . . . ." By its terms, therefore, subsection (a) applies to periods of limitation established by "rule or statute of limitation." In this case, the applicable time limitation is established by contract, not by "rule or statute of limitation."[4] Tenn. Code Ann. § 28-1-105(a). We must conclude that the savings statute of Tenn. Code Ann. § 28-1-105(a), by its terms, does not trump the deadline established by the parties in the tolling agreement.

(2)

Circle C also argues that the Sixth Circuit's decision did not "resolv[e] all issues raised" in the appeal, as required by the tolling agreement, because the Court remanded for the calculation of damages. For the reasons discussed below, we find no merit in this argument.

The tolling agreement provides, in pertinent part, that the statute of limitations ("Termination Date") will expire 120 days "after the United States Courts of Appeals from the 6th Circuit has issued an opinion resolving all issues *raised in the United States of America, ex rel Brian Wall versus Circle C Construction, LLC, Appeal No. 10-5645.*" (Emphasis added). Thus, the running of the 120 days begins with the issuance of an opinion resolving all issues raised in the *appeal*. The Sixth Circuit did, in fact, resolve all of the issues raised in the appeal by affirming the district court's judgment on liability and reversing the award of damages and remanding for a recalculation. The tolling agreement does not provide that the statute of limitations will be tolled 120 days from the resolution of all issues in the lawsuit; rather, the pertinent date is the resolution of the issues in the appeal.

Based upon the language of Tenn. Code Ann. § 28-1-105(a) and the tolling agreement, we agree with the trial court's conclusion that Circle C's legal malpractice action against

_____

[4]As stated previously, Tenn. Code Ann. § 28-1-105(b) applies to certain contractual deadlines but does not apply here.

Nilsen is barred by the time deadline established in the agreement.

CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, Circle C, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE